

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

September 20, 2024

**BY ECF**

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC)

Dear Judge Clarke:

      The Government writes to respectfully propose a pretrial schedule. The Government and the defendants have conferred on this proposal and have been unable to reach agreement. Accordingly, the Government sets forth below its proposed schedule and responds to the defendants' proposed schedule.

    A.   **The Government's Proposed Schedule**

      In accord with pretrial schedules in cases of equal if not greater complexity, the Government proposes the following scheduling for filings and disclosures in anticipation of the October 14, 2025 trial in this matter. The Government understands that the disclosures and filings that are bolded below are not in dispute.

| Date | Disclosure |
|---|---|
| July 15, 2025 | The parties provide notice to each other, consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called, if any, during the Government's case-in-chief and the defendants' case. |
| August 12, 2025 | The parties provide notice to each other, consistent with the requirements of Rule 16, of rebuttal experts, if any, to be called during the defendants' case or during the Government's rebuttal case. |

| Date | Disclosure |
|---|---|
|  | **The parties file motions *in limine*.**[1]<br><br>The Government provides notice to the defendant of evidence it may seek to offer pursuant to Federal Rule of Evidence 404(b). |
| August 26, 2025 | The parties file *Daubert* motions, if any. |
| September 3, 2025 | **The parties file proposed jury instructions, verdict sheets, and *voir dire*.**<br><br>**The parties file oppositions to motions *in limine*.**<br><br>The defendants provide notice to the Government, consistent with the requirements of Federal Rule of Criminal Procedure 12.2 and 16, of their intention to present an advice of counsel defense. That notice shall include the attorney or attorneys who gave the advice, when they gave the advice, and if oral, the substance of the advice, or, if written, the documents upon which defendants relied. |
| September 16, 2025 | The parties file oppositions to *Daubert* motions, if any.<br><br>The Government provides to the defendants material covered by 18 U.S.C. § 3500, including material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), other witness materials, and a list of witnesses whom the Government reasonably expects to call in its case-in-chief. The Government will continue to provide witness materials as they are generated on a rolling basis. |

---

[1] While the Government understands that the defendants agree with filing motions *in limine* on August 12, 2025, the defendants also seek the disclosure of a witness list, the Government's 404(b) notice, and its preliminary exhibits on July 22, 2025, approximately three weeks prior to the filings of motions *in limine* and three months prior to trial. As discussed below, the Government is under no obligation to provide its exhibits and witness list so far in advance of trial. In addition, such early disclosures are not typical of pretrial schedules in cases of equal, if not greater, complexity in this District.

| Date | Disclosure |
|---|---|
|  | The Government provides to the defendants a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief. |
| September 30, 2025 | Defense counsel provides to the Government a list of exhibits that the defendants reasonably expect to introduce during the Government's case-in-chief or the defendant's case. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case.<br><br>The defendants produces material covered by Federal Rule of Criminal Procedure 16. Defense counsel provides to the Government material covered by Federal Rule of Criminal Procedure 26.2 and a list of witnesses whom the defendants reasonably expect to call in their case.<br><br>**Final Pretrial Conference** (Previously Ordered by the Court) |
| October 6, 2025 | The parties provide the Court with the Microsoft Excel exhibit list contemplated by the Court's Individual Trial Rule 1(f)(i). |

### B. The Government's Response to the Defendant's Proposed Schedule

Based on its discussions with defense counsel, the Government understands that the defendants' proposal requires: (1) staggered expert disclosures under Rule 16; (2) Rule 404(b), witness list, and exhibits disclosures to be made prior to the filing of motions *in limine*. The Government further understands that the defendants will not provide notice of any advice-of-counsel defense to the Government in advance of trial, unless ordered by the Court. The Government addresses each of these points of disagreement below.

### 1. Expert Disclosures

Federal Rules of Criminal Procedure 16(a)(1)(G)(ii) and (b)(1)(C)(ii) govern the timing of expert disclosures by the Government and the defense. The language of the Rule requires the disclosures to be made "sufficiently before trial to provide a fair opportunity for the [opposing party] to meet the [government's or the defendant's] evidence." Nothing in Rule 16 contemplates or requires staggered disclosures of case-in-chief experts. Consistent with the language of Rule 16, it is common in complex fraud cases—including in cases of equal or greater complexity—for the parties to simultaneously exchange Rule 16 expert disclosures, which provides each party with a fair opportunity to evaluate the proposed expert testimony. *See, e.g.*, *United States v. Ho Wan Kwok*, 23 Cr. 118 (AT), Dkt. No 275 (S.D.N.Y. Apr. 10, 2024) (requiring simultaneous expert disclosures approximately two months before the start of trial); *United States v. Sam Bankman-Fried*, 22 Cr. 673 (LAK), Dkt. No. 173 (S.D.N.Y. Jul. 1, 2023) (requiring simultaneous expert disclosures approximately six weeks prior to trial); *United States v. Charlie Javice*, 23 Cr. 251 (AKH), Dkt. 87, 135 (S.D.N.Y. Jun. 7, 2024) (requiring simultaneous expert disclosures approximately three months prior to trial); *United States v. Neil Phillips*, 22 Cr. 138 (LJL), Dkt. No. 35 (S.D.N.Y. Aug. 25, 2023) (requiring simultaneous expert disclosure approximately six weeks prior to trial).

The Government understands that the defendants believe that experts disclosures should be staggered because the Government has the burden of proof. That is not, however, a reason to require staggered expert disclosures. As a matter of fairness and efficiency, both parties should notice their case-in-chief experts simultaneously. The Government and the defendants will have a full opportunity to notice any responsive experts in their rebuttal notice. Moreover, the defendants' proposed date for the Government to provide its expert disclosure—June 2, 2025, more than four months in advance of trial—is impracticable. Rule 16 expert disclosures require, among other things "a complete statement of all opinions that the government will elicit from the witness in its case- in-chief[.]" Fed. R. Crim. P. 16(1)(G). Providing an expert disclosure that comports with Rule 16 more than four months before the start of trial, in addition to being unnecessary for the defendants to adequately prepare for trial, imposes an undue burden on the Government to finalize the contours of its expert testimony far in advance of trial. In practice, such an early expert disclosure deadline may increase the likelihood of supplemental disclosures that ultimately necessitate delayed *Daubert* motion practice.

### 2. The Government's Witness and Exhibits List, and Rule 404(b) Notice

The Government understands that the defendants intend to ask the Court for the Government to disclose its witness list, general topics of witness testimony, and exhibit list on or about July 22, 2025—nearly three months in advance of trial.[2] The Government is under no

---

[2] The Government understands that the defendants' proposed schedule also requires the Government to notice co-conspirator statements that in intends to introduce at trial by July 22, 2025. However, Rule 801(d)(2)(E) of the Federal Rules of Evidence "does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to make any

obligation to provide this material so far in advance of trial. Nor is it customary in this District or necessary in this case for such disclosures to be made before motions *in limine* are filed. The Government and defendants routinely anticipate evidentiary issues in advance of exhibit or witness disclosures, including by moving *in limine* on issues related to a witness's testimony (such as, for example, Federal Rule of Evidence 404(b) motions, or motions to preclude certain lines of cross-examination) or moving on categorical issues related to a class of exhibits (such as, for example, whether certain documents constitute business records). To the extent that the Government's witness list or 3500 material raises ground for additional motions *in limine*, the defendants can file any supplemental motions, if necessary, following those disclosures.

Based on discussions with defense counsel, the Government also understands that the defense seeks Rule 404(b) disclosures on July 22, 2025. This is unnecessary. Consistent with Federal Rule of Evidence 404(b)(3) and practice in this District, the Government anticipates that it will affirmatively move *in limine* on any Rule 404(b) evidence it intends to introduce at trial in a manner that identifies for the defendants and the Court (i) the type of Rule 404(b) evidence, if any, that the Government intends to offer at trial and (ii) the intended purpose for offering such evidence and the reasoning supporting its admission. Accordingly, under the Government's proposed schedule, defendants will have ample time to consider and respond to the Government's 404(b) notice in its opposition to the Government's motion *in limine*.

### 3. Advanced Notice of The Defendants' Intention to Raise an Advice-of-Counsel Defense

The defendants have informed the Government that they object to the Government's proposal that the defendants provide advance notice of whether they intend to pursue an advice-of-counsel defense. Courts in this District routinely require defendants to make advanced notice of such defenses. *See United States v. Charlie Javice*, 23 Cr. 251 (AKH), Dkt. 149 (S.D.N.Y. Aug. 20, 2024) (notice of an advice-of-counsel defense required approximately six weeks in advance of trial); *Bankman-Fried*, 22 Cr. 673 (LAK), Dkt. No. 173 (requiring notice of an advice-of-counsel defense approximately six weeks prior to trial); *Ho Wan Kwok*, 23 Cr. 118 (AT), Dkt. No 275 (requiring advice-of-counsel defense approximately ten days prior to the start of trial); *United States v. Schulte*, 17 Cr. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (requiring advanced advice of counsel disclosure approximately three weeks before trial); *United States v. Scali*, 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (defendant should have made pertinent disclosures in advance of trial); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes); *but see United States v. Ray*, 20 Cr. 110 (LJL), 2021 WL 5493839, at *5, 7 (S.D.N.Y. Nov. 22, 2021) (declining to require the defendant to notice the basis of an advice-of-counsel defense and waive any applicable privilege prior to the start of trial but recognizing the court's inherent authority to do so). To be sure, Courts in this District have varied in how far in advance such disclosures are warranted. In this case, the Government submits that advance notice of approximately six weeks

---

such disclosure of this type of evidence at this time [prior to trial]." *United States v. Whitely*, 11 Cr. 151A, 2014 WL 2765804, at *2 (W.D.N.Y. June 18, 2014).

is appropriate given the likelihood that the defendants will need to produce discovery on the issue and additional briefing will be necessary to address aspects of an advice-of-counsel defense in advance of the trial in this matter—particularly since Williams & Connolly was retained during the same time period alleged in the money laundering conspiracy count. That notice should include the specifics, bases, and scope of that defense. *See Javice*, 23 Cr. 251 (AKH), Dkt. 149 (requiring that the notice "shall identify the attorney or attorneys who gave the advice, when they gave the advice, and if oral, the substance of the advice, or, if written, the documents upon which defendants relied.").

"In a fraud case . . . the advice-of-counsel defense is not an affirmative defense that defeats liability even if the jury accepts the government's allegations as true," but rather "is evidence that, if believed, can raise a reasonable doubt in the minds of the jurors about whether the government has proved the required element of the offense that the defendant had an 'unlawful intent.'" *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017). "That said, defendants are entitled to an advice-of-counsel instruction only if there are sufficient facts in the record to support the defense." *Scully*, 877 F.3d at 476 (citing *United States v. Evangelista*, 122 F.3d 112, 117 (2d Cir. 1997)). Specifically, "[t]here must be evidence such that a reasonable juror could find that the defendant 'honestly and in good faith sought the advice of counsel,' 'fully and honestly laid all the facts before his counsel,' and 'in good faith and honestly followed counsel's advice.'" *Id.* (quoting *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012)).

Advance notice and discovery are necessary because, by invoking an advice of counsel and/or good faith defense, the defendant typically impliedly waives the privilege. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). A defendant's "conversations with counsel regarding the legality of his schemes" are "directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id.* Because conversations with counsel can reveal an absence of good faith or advice of counsel, "the attorney-client privilege cannot at once be used as a shield and a sword." *Id.* Put differently, to assess whether a defendant truly acted in good faith, it becomes necessary to understand his communications with his attorney: *i.e.*, whether the defendant fully and honestly laid out all the facts, whether his attorney provided him information that would leave him to believe he was not acting lawfully, and whether the defendant followed counsel's advice honestly and in good faith.

For that reason, once a defendant raises a good faith or advice of counsel defense, "any communications or evidence defendants intend to use to establish the defense are subject to disclosure" as are "otherwise-privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). Where the attorney-client privilege is controlled (or likely controlled) by a corporation (as may be the case here), the Court may also need to resolve additional questions regarding whether the defendant can, in fact, rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense"). Accordingly, in order to allow the parties and the Court sufficient time to address any issues that may arise from litigation over privilege, discovery, or the advice-of-counsel defense itself, the Government respectfully submits that the Court should require the defendants to provide

notice—as well as the specifics, bases, and scope of such a defense—if either intend to advance an advice-of-counsel defense.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

   by:  /s/
                Danielle Kudla
                Rushmi Bhaskaran
                Assistant United States Attorneys
                (212) 637-2304 / 2439

cc: Defense Counsel (by ECF)