

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 3, 2025

**BY ECF AND EMAIL**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC)

Dear Judge Clarke:

The Government respectfully writes in response to the defendant's July 2, 2025 letter motion (ECF No. 105) requesting that the Court: (1) hold their Court-ordered July 18, 2025 expert disclosure deadline in abeyance pending the Court's resolution of their July 2, 2025 Motion to Compel (the "Motion to Compel," *see* ECF No. 103); or (2) in the alternative, set an expedited briefing schedule on their Motion to Compel if the Court does not adjourn the defendants' expert disclosure deadline.  For the reasons set forth below, there is no reason for the Court to hold in abeyance the defendants' expert disclosure deadline.  For the same reasons, the Government respectfully proposes that the Court set a standard briefing schedule on the Motion to Compel, with the Government's response due on July 17, 2025 and the defendants' reply, if any, due on July 24, 2025.  Such a briefing schedule will allow the parties' adequate time to address the Motion and provide the most helpful briefing to the Court.

As an initial matter, and as the Government will explain in its opposition, the defendants' Motion to Compel advances an extreme and unfounded position that lacks any support in the law and runs counter to the fundamental purpose of expert disclosures.  The defendants urge the Court to require the Government to notice, as "experts" subject to the strict gatekeeping standards under *Daubert* and Rule 702, the following essential fact witnesses to the charged fraud: (1) a victim trader whom the defendants defrauded; (2) a cooperating witness with whom the defendants committed the charged crimes; and (3) a product manager of the software company whose software was exploited by the defendants to commit their fraud.  The fact that the defendant's conduct observed by these percipient witnesses—including a victim and a cooperating witness—involved technical matters, such as computer code and the blockchain, does not transform their testimony into expert testimony subject to the formal disclosure requirements under Rule 16(a)(1)(G).  *See United States v. Petit*, No. 21-543, 2022 WL 3581648, at *3 (2d Cir. Aug. 22, 2022) (summary order) (in case involving a complicated accounting fraud scheme, explaining that "[t]he government did not need to offer expert testimony on accounting principles" and noting how the Government's evidence included testimony from accountants, as non-experts).  Indeed, it is routine in cases similarly technical and complex as this one for the Government to prove its case largely, and often entirely, through percipient, non-expert testimony.  *See, e.g., United States v. Cuti*, 720

F.3d 453, 457-62 (2d Cir. 2013) (upholding, as non-expert testimony, testimony of "certified and experienced accountant[s] personally familiar with the accounting of the transactions at issue"); *United States v. Cuomo*, 125 F.4th 354, 364–65 (2d Cir. 2025) (describing a lay witness's testimony regarding how a particular computer code functioned); *United States v. Sam Bankman-Fried*, 22 Cr. 673 (LAK), Dkts. 356, 366 (S.D.N.Y. Oct. 5, 2023) (cooperating witness testimony of Gary Wang and Nishad Singh regarding computer code); *United States v. Eisenberg*, 23 Cr. 10 (AS), Dkt. 158 (S.D.N.Y Apr. 8, 2023) (lay testimony of Brian Smith, a "contributor" to and user the Mango Markets platform, on how Mango Markets was used and relevant terminology)*.* For these reasons, and as the Government's opposition will detail, there was no deficiency in the Government's expert disclosures provided to the defense on June 27, 2025.

In addition, there is no reason for the Court to hold the defendants' expert disclosure deadline in abeyance. The defendants frame their disclosure obligations as "responsive" (ECF No. 105, at 2), but this is not an accurate reflection of the Rules of Criminal Procedure or the record in this case. First, the Court's order does not cabin the defendants' obligations in this way. *See* ECF No. 46 (setting a July 18, 2025 deadline for the "Defendants' expert witness disclosures"). Second, no such restriction would make sense under the rules. The defense's ability to notice and call experts in any criminal case is not contingent upon the Government's use of experts. Indeed, there is nothing unusual with the Government electing not to use expert testimony at all in its case-in-chief, and a defendant choosing to notice several experts that they might call in their defense. [1] *See*, *e.g.*, *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH) (S.D.N.Y. 2024) (the Government noticed no experts, while the two defendants collectively noticed six). If the defendants intend to offer expert testimony to respond to any of the allegations in this case, then they should notice their proposed experts by their Court-ordered deadline.

Nor do the defendants lack notice of the Government's allegations in this case, including as to the technical execution of the defendant's fraud. As the Court knows, the defendants have received voluminous discovery in this case, and the Government's theories of liability have been extensively articulated in the Indictment, in search warrant affidavits, in briefs to the Court, and in oral argument. The defendants also have a significant amount of information about the Government's percipient witnesses whom the defendants contend should be noticed as experts, including through the Government's prior disclosures regarding these witnesses and Rule 16 discovery. Those materials include hundreds of pages of Slack messages and other chat messages involving these witnesses. For example, the Government has produced to the defense a document outlining, in detail, the defendants' own description of their technical plans on how to execute the charged fraud. The five categories of technical information that the defendants claim they need (*see* ECF No. 105, at 2) are contained in the Rule 16 discovery within their possession. There is no requirement that the Government call an expert witness to prove any particular part of its case, and there is no lack of adequate information for the defense to prepare to meet the charges. The defendants, accordingly, have had for some time all the information they need to notice any experts they intend to call in their case-in-chief.

---

[1] In this case, the Government has noticed a cryptocurrency tracing expert. The Government understands that the Government's cryptocurrency tracing expert is not the subject of the defendants' Motion to Compel.

For these reasons, the Court should require the defendants to comply with Court's existing July 18, 2025 deadline to notice defense experts.  With respect to the briefing schedule for the Motion to Compel, the Government respectfully requests that the Court set a deadline for the Government's response by July 17, 2025, and for the defendants' reply, if any, by July 24, 2025.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:  /s/
Rushmi Bhaskaran
Danielle Kudla
Jerry Fang
Assistant United States Attorneys
(212) 637-2439 / 2304 / 2584

The Court has reviewed the parties' letters regarding Defendants' motion to compel and Defendants' request to stay their expert disclosure deadline. See ECF Nos. 105, 108. In light of Defendants' motion and the lack any articulated prejudice to the Government, the Court stays Defendants' expert disclosure deadline. The following briefing schedule applies to Defendants' motion: the Government's response is due by July 17, 2025 and the Defendants' reply is due by July 24, 2025.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: July 7, 2025
        New York, New York