LAW OFFICES
## WILLIAMS & CONNOLLY LLP

PATRICK J. LOOBY
(202) 434-5150
plooby@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 10, 2025

<u>Via ECF</u>

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

    Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) – Notice of Supplemental Authority

Dear Judge Clarke:

    Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully submit this letter to advise the Court of a July 9, 2025 decision by the Second Circuit in *United States v. Runner*, No. 24-1040 (2d Cir. July 9, 2025), that bears on the Peraire-Buenos' pending Joint Motions to Dismiss, ECF 49. A copy of the decision is attached. In *Runner*, the Second Circuit rejected a challenge to an indictment charging mail and wire fraud based on allegations of false statements in advertisements for "supernatural objects and psychic services." Op. 3. The opinion is relevant to the pending motions in two respects.

    <u>First</u>, *Runner* recognizes that a material misrepresentation is an element of wire fraud under 18 U.S.C. § 1343: "To prove a scheme to defraud, the government must prove that the defendant made misrepresentations that were 'material,' and 'that the defendant acted with fraudulent intent.'" Op. 11 (quoting *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (per curiam)). At the June 17, 2025 hearing, the government argued that wire fraud does not require a material misrepresentation. *See* 6/17/25 Hr'g Tr. 31 ("[T]he wire fraud statute is broader than just misrepresentations."). *Runner* confirms that argument is wrong.

    <u>Second</u>, *Runner* also discussed the Supreme Court's recent decision in *Kousisis v. United States*, 145 S. Ct. 1382 (2025). *Runner* observes that *Kousisis*' endorsement of the "fraudulent-inducement theory" abrogated aspects of Second Circuit precedent that the Peraire-Buenos had cited in support of their argument that the Superseding Indictment ("Indictment") fails to allege an intent to defraud. Specifically, *Kousisis* rejected the prior Second Circuit rule that "that schemes that 'do no more than cause their victims to enter into transactions they would otherwise avoid' are not criminal under the mail and wire fraud statutes" unless they "'depend for

WILLIAMS & CONNOLLY LLP

July 10, 2025
Page 2

their completion on a misrepresentation of an essential element of the bargain.'" Op. 12, 14 (quoting *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007)).

But this development does not affect the Peraire-Buenos' arguments regarding the intent-to-defraud element because the Indictment does not allege *any* misrepresentations by the Peraire-Buenos. *Runner* confirms that a material misrepresentation and intent to harm are still required. *See id.* at 15, 17, 18, 23 (assessing the indictment and record for allegations and evidence bearing on the "intent-to-harm requirement"). Here, the Peraire-Buenos argued that the Indictment fails to allege an intent to defraud "because [they] are not alleged to have made *any* misrepresentations with respect to t[he] bargain" the alleged Victim Traders made when placing their sandwich trades. ECF 49 at 28 (emphasis added); *see also* ECF 63 at 29 ("[T]he Indictment does not allege that the Peraire-Buenos made representations to the alleged victims' MEV Bots concerning the order of the trades—let alone that such representations caused the alleged victims to trade away their cryptocurrency.").

Respectfully submitted,

By: /s/ William W. Fick
Fick & Marx LLP
*Counsel for Defendant*
*Anton Peraire-Bueno*

By: /s/ Patrick J. Looby
Williams & Connolly LLP
*Counsel for Defendant*
*James Peraire-Bueno*

cc: Counsel of Record via ECF