LAW OFFICES
WILLIAMS & CONNOLLY LLP®

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 18, 2025

<u>Via ECF</u>

Hon. Jessica G. L. Clarke
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007-1312

      Re:    <u>*United States v. Peraire-Bueno*, Case No. 1:24-cr-00293; Defendants' Submission on the Schedule for the Government to Provide Rebuttal Expert Disclosures</u>

Dear Judge Clarke:

      Defendants James and Anton Peraire-Bueno request that the Court order the government to provide any rebuttal expert disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) by August 27, 2025, two weeks after the Peraire-Buenos made their case-in-chief expert disclosures. The Court's September 25, 2024 scheduling order set the same two-week cadence for these disclosures. This timeline will allow all *Daubert* motions to be filed before trial and give the Peraire-Buenos sufficient notice to prepare their case without disrupting the trial.

      The government's request for six weeks to *find* experts and disclose rebuttal testimony is unjustifiable, and if allowed, would be prejudicial to the Peraire-Buenos' ability to prepare for trial.[1] As explained below, the government has long had ample notice of the topics that the Peraire-Buenos believe require expert testimony, and all of the topics on which the defense experts may opine are directly responsive to allegations and theories the government has made or previewed. There is no reasonable basis to claim surprise. The government's apparent failure to identify potential experts on these topics core to its case is a problem of its own making.

      On August 13, the Peraire-Buenos served expert disclosures for four experts. Those disclosures (attached as Exs. 1-4) notice potential expert testimony on topics that should be no surprise to the government: how the computer code at issue in the case operated; the roles of validators, searchers, builders, and relays on Ethereum and with respect to MEV-Boost; how trading on Ethereum works; how blocks are added to the Ethereum blockchain; MEV-Boost's protocol and function, and how it relates to Ethereum; understanding the alleged lure transactions; the function of digital signatures; understanding the alleged false signature; decentralized finance

---

[1] Based on the pre-filing conferral, the Peraire-Buenos understand that the government has not yet retained (or even identified) experts on the topics for which the Peraire-Buenos noticed testimony.

WILLIAMS & CONNOLLY LLP
Defendants' Submission re: Government Rebuttal Expert Disclosures
August 18, 2025
Page 2

trading; sandwich attacks; economic incentives and governance in Ethereum; and anonymity in the cryptocurrency space. These topics are responsive to the government's case-in-chief to the extent that it has been previewed through the government's allegations, pleadings, and representations to the Court.

To be clear, the government disclosures subject to this dispute are only for its rebuttal case in the event the Peraire-Buenos present a defense case. As the Court is aware, the government plans to have lay witnesses testify in its case-in-chief on these same topics to the extent the Federal Rules of Evidence allow, and to forgo testimony on these topics in its case-in-chief to the extent it would cross the line into expert testimony under Rule 702. ECF 111. That strategic choice is no excuse for the government to have done no advance work to line up retained experts it may seek to use in its rebuttal case, if that is how it intends to respond to a potential defense case.

The government's apparent lack of preparation is baffling given the procedural history here. Since May 2024, the Indictment itself has made allegations implicating the majority of these topics. The Peraire-Buenos also identified the majority of these topics in 24 paragraphs of specific *Brady* requests in their July 16, 2024 letter to the government. They stated their view on the importance of expert testimony to the government's case in their September 20, 2024 submission on the case schedule. ECF 45 at 1-2. Six weeks ago, in litigating the lack of government case-in-chief expert disclosures, the Peraire-Buenos identified their position that these topics would require expert testimony. *See* ECF 103 at 7-8, 11-12; *see also* ECF 113 at 7-9, 14-15. This is not a case where the defense expert disclosures were on topics that could not be anticipated.

The Court should set the rebuttal disclosure deadline for August 27. The government's choice not to disclose other witness materials going to the core of this highly technical case until four weeks before trial (9/16/2025, *see* ECF 44 at 2) already puts the Peraire-Buenos at serious risk of being unable to adequately prepare for trial on the current schedule. The government's requested timeline would only add to that risk; the Peraire-Buenos should not be forced to also reckon with brand-new expert opinions on core topics in a highly technical case while they are in the heart of final trial preparation. And the Court should not be burdened by having to resolve *Daubert* motions on the eve of or during a complex trial.

If the Court grants the government's request for six weeks to disclose rebuttal opinions, or anything close to that timeline, the Peraire-Buenos request that the Court move the trial to allow them sufficient time to prepare. The Peraire-Buenos request that any change to the trial date allow the trial to occur this year. They and defense counsel are available for a trial that begins later in October, November, or December,[2] and note that the parties anticipate that the Court should set aside approximately three weeks for trial.

Sincerely,

/s/ Daniel N. Marx                              /s/ Katie Trefz

---

[2] We understand the new member of the government team is unavailable in December.

WILLIAMS & CONNOLLY LLP
Defendants' Submission re: Government Rebuttal Expert Disclosures
August 18, 2025
Page 3

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

*Attorneys for Defendant
Anton Peraire-Bueno*

Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick Looby (*pro hac vice*)
Williams & Connolly LLP
680 Maine Ave., S.W.
Washington, D.C. 20024
Tel: 202-434-5000
ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Attorneys for Defendant
James Peraire-Bueno*