

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

August 18, 2025

**BY ECF**
The Honorable Jessica G.L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Anton Peraire-Bueno, et al.*, S1 24 Cr. 293 (JGLC)

Dear Judge Clarke:

      The Government respectfully submits this letter requesting that the Court set a deadline of September 24, 2025, for the Government's rebuttal expert witness disclosures. On Wednesday, August 13, the defendants noticed four experts on complex topic areas. The defendants propose that the Government provide any rebuttal disclosures by August 29, *i.e.*, within about two weeks. Given the volume and complexity of the defendants' expert disclosures, that deadline would not allow the Government adequate time to identify and prepare disclosures for any rebuttal experts. The Government therefore respectfully requests that the Court set a deadline of September 24, 2025, so that it can adequately prepare any rebuttal disclosures in compliance with Rule 16.

      As the Court is aware, in September 2024, the Court issued a scheduling order setting the following expert disclosure deadlines in advance of the trial set to begin October 14, 2025:

- June 27, 2025 – Government's expert witness disclosures;
- July 18, 2025 – Defendants' expert witness disclosures; and
- August 1, 2025 – Government's rebuttal expert witness disclosures;

*See* Dkt. 46. At the time the schedule was set, neither the contours of what would be contested at trial, nor the scope of proposed experts, was fully known to the parties or the Court. On June 27, 2025, the Government provided the defendants with its expert disclosure for its sole expert, related to cryptocurrency tracing. On July 2, 2025, the defendants—after receiving the Government's expert disclosure and before providing their own—filed a motion to "compel expert disclosures." Dkt. 102.

      On August 6, 2025, the Court denied the defendants' motion to compel expert disclosures and ordered the defendants to make their expert disclosures by August 13. Dkt. 119. That same day, the parties held a meet and confer, during which the Government explained that—depending on the number and nature of the experts the defendants planned to disclose—the Government may need additional time to notice rebuttal experts. To better assess the time that might be required, the Government asked if the defendants could provide any information about the number or scope of experts they intended to disclose prior to the deadline. In response, the defendants stated that they planned to notice at least one expert, but declined to provide additional information. On August 13, 2025—nearly one month after their original expert deadline and almost seven weeks after receiving

the Government's disclosure of its sole expert witness—the defendants noticed *four* experts covering a wide range of complex topics and provided more than 100 pages of expert disclosure materials.[1]

The Government's proposed rebuttal expert deadline of September 24, 2025, is necessary to "provide a fair opportunity for the government to meet" the defendants' voluminous proposed expert evidence. Fed. R. Crim. P. 16(b)(1)(C)(i). The process for assessing whether a rebuttal expert is necessary and producing an expert disclosure is a lengthy one in almost any case. The Government must (i) evaluate which, if any, of the defense experts' noticed opinions may warrant rebuttal expert testimony, (ii) identify and interview qualified experts, (iii) retain those experts, (iv) provide those experts with the defense experts' disclosures and other relevant materials so that the rebuttal experts can prepare their own responsive analyses, and (v) draft expert disclosures that are both compliant with the rigorous standards of Rule 16(a)(1)(G) and appropriately tailored to rebut an expert opinion. Here, the Government must go through that process for *four* defense experts. The process will be made substantially more difficult here due to the volume and complexity of the defense experts' proposed testimony, including opinions on blockchain technology topics for which there are a very limited number of experts qualified to testify. A two-week period at the end of August, when many potential experts may be unavailable to meet, is not sufficient to prepare rebuttal expert disclosures that comply with Rule 16. Indeed, the defendants had far more than two weeks to prepare their initial expert disclosures.[2]

Moreover, there is no prejudice to the defendants if the Government is allowed adequate time to respond to their experts. The defendants were initially required to notice their experts in mid-July, but declined to comply with that deadline so that they could (unsuccessfully) litigate a different issue. Even with that delay of the defendants' own making, the Government's proposed deadline leaves the defendants with ample time—three weeks before jury selection even begins—to counter any rebuttal experts. Such a timeline is not atypical at all for expert litigation, which often continues up to, and during, trial. Indeed, until its 2022 amendment, "Rule 16 [did] not require disclosure of expert rebuttal testimony" *at all*. *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004); *see, e.g.*, *United States v. Swisher*, 360 F. App'x 784, 785 (9th Cir. 2009). Notably, even under the amended rule, Local Criminal Rule 16.2 sets default deadlines for Government expert disclosures and defense expert disclosures, but none for rebuttal disclosures. That distinction makes eminent sense: rebuttal expert testimony, unlike case-in-chief expert testimony, is entirely contingent on whether and how the defendants' experts testify in the defense's case-in-chief. Until the defense has rested, the Court may have insufficient information to rule on any motions relating to rebuttal experts—and ultimately the Court may have no need to do so at all.

---

[1] While some of the topics covered by the defendants' expert notices may be complex, the Government expects to move to preclude substantial portions—if not all—of each expert's proposed opinions for failing to meet the requirements of admissible expert testimony.

[2] About seven weeks elapsed between the Government's expert disclosure deadline and the defendants' disclosure of their four experts. However, the defendants had significantly longer than seven weeks to identify, and prepare disclosures for, their experts, since none of those experts' testimony is responsive to the Government's noticed cryptocurrency tracing expert.

Accordingly, the Government respectfully requests that the Court set a rebuttal expert deadline of September 24, 2025, to provide the Government adequate time to meet the defendants' proposed evidence.[3]

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

by: /s/ _____
     Danielle Kudla / Jerry Fang / Benjamin Levander
     Assistant United States Attorneys
     (212) 637-2304 / (212) 637-2584 / (914) 993-1930

cc: Defense Counsel (by ECF)

---

[3] The Government understands that the defendants intend to seek an adjournment of the trial date if the Court sets a rebuttal expert deadline of September 24. For the reasons set forth above, there is no need to adjourn the trial date. However, if the Court is inclined to adjourn the trial date, the Government would request a date on or before November 3, 2025, which would allow trial to be completed before the Thanksgiving holiday.