**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>ANTON PERAIRE-BUENO, and JAMES PERAIRE-BUENO,<br><br>    Defendants. | Case No.:  1:24-cr-00293-JGLC |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION TO PRECLUDE EVIDENCE AND ARGUMENT
<u>CONCERNING UNCHARGED THEORIES OF FRAUD</u>**

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................1

ARGUMENT..................................................................................................................................2

I.       The Fifth Amendment Prohibits the Constructive Amendment of an Indictment................2

II.      The Indictment Commits the Government to a Misrepresentation Theory of Fraud Targeting the Alleged Victim Traders. ..............................................................................3

CONCLUSION...............................................................................................................................6

Defendants James and Anton Peraire-Bueno respectfully move to preclude the government from introducing evidence and making arguments in support of novel fraud theories not alleged in the Indictment. Specifically, evidence and argument that the Peraire-Buenos committed fraud through means other than material misrepresentations or devised a fraud scheme to victimize anybody other than the alleged Victim Traders would constructively amend the Indictment. The Court should preclude evidence and argument in aid of these unconstitutional and uncharged theories.

## BACKGROUND

The Superseding Indictment ("Indictment") charges the Peraire-Buenos with engaging in "a scheme to defraud the *Victim Traders by making material misrepresentations*, including, among other things, the Lure Transactions and the False Signature." ECF 70 ¶¶ 34, 36 (emphasis added). The government has confirmed that it has not charged any other kind of fraudulent scheme. *See* ECF 61 at 1 ("victim cryptocurrency traders"), 17 n.6 (material misrepresentations and not omissions), 26 (arguing that obtaining the Victim Traders' property and not "'corruption' of the MEV-Boost block-building process" is the "object of the defendants' fraud scheme"); *accord* ECF 112 at 17 n.4 (observing that "the Government has confirmed that it is proceeding only on a theory of material misrepresentations" (citation omitted)). Nevertheless, in its pleadings and oral presentations, the government has suggested that, at trial, it may pursue a fraud theory that differs in two material respects from the one charged in the Indictment.

First, the government argued at the June 17 hearing on the Peraire-Buenos' Motions to Dismiss the Indictment that it could secure a conviction by proving a "deceptive course of conduct" that apparently involves no misrepresentations at all. 6/17/25 Hr'g Tr. 31-32. Second, the government has intimated that it might solicit testimony framing Flashbots, the organization that developed the MEV-Boost software, as a "victim." *See* ECF 111 at 7 (explaining that it would

1

call a representative of Flashbots to testify in its case-in-chief, and that he would "describe the magnitude, urgency, and importance of the Exploit *to Flashbots*") (emphasis added).

## ARGUMENT

Evidence and argument in support of a theory that fraud was committed by means other than material misrepresentations, or that targeted someone other than the alleged Victim Traders, would constitute a constructive amendment of the Indictment. The Peraire-Buenos therefore respectfully move to preclude the government from pursuing these uncharged theories at trial.

**I.     The Fifth Amendment Prohibits the Constructive Amendment of an Indictment.**

The Grand Jury Clause of the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Its purpose is "to limit [the defendant's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). "The precise manner in which an indictment is drawn cannot be ignored, because an important function of the indictment is to ensure that, in case any other proceedings are taken against the defendant for a similar offence, the record will show with accuracy to what extent he may plead a former acquittal or conviction." *Sanabria v. United States*, 437 U.S. 54, 65-66 (1978) (cleaned up). For that reason, a "court may not alter or amend the indictment, literally or constructively, once it has been returned by the grand jury." *United States v. McCourty*, 562 F.3d 458, 470 (2d Cir. 2009).

A constructive amendment occurs when "either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021). The Second Circuit considers the

2

constructive amendment of an indictment to be "a serious error," and a "*per se* violation of the Fifth Amendment, requiring automatic reversal." *McCourty*, 562 F.3d at 470 (cleaned up).

The risk of constructive amendment is particularly acute in fraud cases. "In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." *United States v. Mollica*, 849 F.2d 723, 729 (2d Cir. 1988) (cleaned up). "In order to avoid amending an indictment in violation of the Fifth Amendment, the government in fraud cases should think through the nature of the crime it wishes to allege and then spell out the offense in a carefully drafted indictment, instead of confronting the defendant with its theory of criminality for the first time at trial." *Id.* (cleaned up).

## II. The Indictment Commits the Government to a Misrepresentation Theory of Fraud Targeting the Alleged Victim Traders.

The government would constructively amend the Indictment if it either argues a different (non-misrepresentation) theory or identifies a different victim (not the Victim Traders).

As an initial matter, it is unclear what the government meant when it presented a "deceptive course of conduct" as an alternative to a misrepresentation-based fraud theory at the June 17 hearing. That term derives from bank fraud cases and, when used in that context, still requires a material misrepresentation. *See United States v. Rigas*, 490 F.3d 208, 231 (2d Cir. 2007) (bank fraud requires the government to prove "that the defendant engaged in a deceptive course of conduct by making material misrepresentations"); *see also, e.g.*, *United States v. Vidal*, 2024 WL 397630, at *1 (2d Cir. Feb. 2, 2024) ("Both subsections [of the bank-fraud statute] require the government to prove that the defendant in question engaged in a deceptive course of conduct by making material misrepresentations." (cleaned up)). The only Second Circuit case using the term in a wire fraud prosecution did so while discussing the bank and wire fraud statutes together and

3

emphasized that, under either statute, "the Government must prove that the defendant in question engaged in a *deceptive course of conduct by making material misrepresentations.*" *United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019) (emphasis added). The law does not recognize "deceptive course of conduct" as an alternative wire fraud (or bank fraud) theory.

But even if this or some other alternative theory existed, the Indictment's allegations preclude it. The Indictment does not utter the words "deceptive course of conduct." It instead charges only a scheme to defraud through misrepresentations. Those alleged misrepresentations are the core of the alleged criminal offenses. The Second Circuit has held that "[w]hen the crime charged involves making false statements, the 'core of criminality' is . . . *that knowing falsehoods were submitted.*" *Rigas*, 490 F.3d at 229 (quoting *United States v. Sindona*, 636 F.2d 792, 797 (2d Cir.1980)) (emphasis added). "The core of criminality of an offense involves the essence of a crime, in general terms." *Khalupsky*, 5 F.4th at 293. Thus, when an indictment charges a scheme to defraud "by making material misrepresentations," the making of a material misrepresentation becomes an essential element of the offense. Because the government's "deceptive course of conduct" theory purports to omit this element, it is an unconstitutional constructive amendment of the Indictment.

Likewise, evidence and argument that characterizes Flashbots as a "victim" would so fundamentally transform the nature of the fraud alleged in the Indictment as to constitute an entirely different crime. The object of a fraudulent conspiracy is "[w]ithout question" an essential element of the offense. *United States v. Gallerani*, 68 F.3d 611, 617-18 (2d Cir. 1995). For example, when an indictment charges a defendant with conspiring to deceive federal agencies and/or make false entries in a bank's books, the court may not omit mention of those objects in its instructions to the jury. *Id.* at 618. And when an indictment charges a scheme to defraud by

4

impeding collection of income taxes, a jury may not convict based on a more "general conspiracy to defraud." *Mollica*, 849 F.2d at 729-30. An amendment of this nature could occur, of course, not only through faulty jury instructions but also through the admission of evidence (and argument) tending to suggest the alleged conspiracy had an object other than or in addition to the object charged in the indictment. *E.g.*, *United States v. Wozniak*, 126 F.3d 105, 109-11 (2d Cir. 1997) (drug conspiracy charge based on cocaine and meth amended by instructions and evidence about marijuana). Should the Flashbots Representative testify at length about the impact of the alleged Exploit on Flashbots or its MEV-Boost system[1] and should the government be permitted to frame that organization as another victim, the government will have constructively amended the object of the alleged fraudulent conspiracy.

The grand jury's approval of the Indictment may well have hinged on its understanding that the alleged "Lure Transactions" and "False Signature" constituted material misrepresentations and that the object of the alleged Exploit was to obtain the Victim Traders' property. Having persuaded the grand jury to indict the Peraire-Buenos on this theory, the government cannot now seek to convict them on a different or purportedly broader theory of fraud—and relieve itself of the obligation to prove that its interpretations of the Lure Transaction and False Signature are correct or that the Victim Traders are indeed victims. The Second Circuit and other circuit courts have not countenanced this kind of amendment to a criminal prosecution at trial. *See Mollica*, 849

---

[1] The Peraire-Buenos presently lack the information necessary to move *in limine* to exclude particular testimony from the Flashbots Representative because the government has provided no expert disclosure or any interview memoranda. The Peraire-Buenos therefore anticipate objecting at trial to testimony on this topic or filing a motion to exclude his testimony if the interview memoranda indicate that this will be a focus of his testimony. In addition to risking a constructive amendment, testimony framing Flashbots as the ultimate victim and related government argument may be inadmissible under Rule 403. *See United States v. James*, 607 F. Supp. 3d 246, 267 (E.D.N.Y. 2022) (precluding the government from referring to non-victims as "victims").

5

F.2d at 729-30; *accord United States v. Radley*, 632 F.3d 177, 185 (5th Cir. 2011); *United States v. Telink, Inc.*, 910 F.2d 598, 600-01 (9th Cir. 1990); *United States v. Italiano*, 837 F.2d 1480, 1486 (11th Cir. 1988); *United States v. Green*, 797 F.2d 855, 857 (10th Cir. 1986). Neither should the Court.

## CONCLUSION

For the foregoing reasons, the Court should preclude evidence and argument in support of a theory of fraud that is not based on alleged material misrepresentations or that frames Flashbots as an additional victim of the alleged fraud.

Date: August 22, 2025

By: */s/ Katherine Trefz*

Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick J. Looby (*pro hac vice*)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Counsel for Defendant
James Peraire-Bueno*

Respectfully submitted,

By: */s/ Daniel N. Marx*

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

*Counsel for Defendant
Anton Peraire-Bueno*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

                                                         */s/ Katherine Trefz*
                                                         Katherine Trefz