UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
                                  :

UNITED STATES OF AMERICA         :

                                  :

         - v. -                 :   S1 24 Cr. 293 (JGLC)

                                  :

ANTON PERAIRE-BUENO and      :
JAMES PERAIRE-BUENO,        :

                                  :

           Defendants.       :

                                  :

-------------------------------------------------x

**JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x
                                              :

UNITED STATES OF AMERICA         :
                                              :

        - v. -                   :    S1 24 Cr. 293 (JGLC)
                                              :

ANTON PERAIRE-BUENO and     :
JAMES PERAIRE-BUENO,        :
                                            :

             Defendants.      :
                                            :

----------------------------------------------------x

## <u>JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS</u>

The parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. Where the parties disagree, the Government's proposed questions are indicated in **bold and blue text**, and the defendant's proposed question are indicated in **bold and red text**. The parties' respective positions, with respect to any proposals with objections, are discussed in footnotes.

The Court is requested to pursue more detailed questioning at the sidebar or outside the presence of the broader venire if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular facts or circumstances would influence the juror in favor of or against either the Government or the defendants, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## I.     **Brief Description of the Case**

This is a criminal case.  The defendants, Anton Peraire-Bueno and James Peraire-Bueno, have been charged with the commission of federal crimes in a document called an Indictment filed by a grand jury sitting in this District.

The Indictment is not evidence itself.  It simply contains the charges that the Government is required to prove beyond a reasonable doubt.  You will hear a lot more about these charges in the coming days, but I will briefly summarize the charges in this case in order to help determine whether there is anything about the case that may make it difficult or inappropriate for you to serve on the jury.

**The Indictment alleges that the defendants agreed to carry out and, in fact, carried out a fraudulent scheme to steal approximately $25 million worth of cryptocurrency from others through  a coordinated plan that involved deceptive trades and lies to obtain access to private trading information, and then took steps to hide the fact that this money had come from their fraud – in other words, to launder the millions of dollars they had taken.**

**For this conduct, the defendants each have been charged in the Indictment with three separate charges, or counts. Count One charges both of the defendants with conspiracy to commit wire fraud.  Count Two charges both of the defendants with committing wire fraud. Count Three charges both of the defendants with conspiring to commit money laundering.[1]**

---

[1] **Government's Position**:  The Government submits that its proposed language properly sets forth a concise description of the Indictment.  The Government objects to the defense's alternative language because it mischaracterizes the charges set forth in the Indictment and includes content that is not relevant to conduct the voir dire.  Voir dire should inform the jury of the nature of the charges and the allegations in the Indictment in order to permit the prospective jurors to answer questions about their ability to serve, as is standard in this District.  The defendants' proposed language does not describe the case and provides no explanation of the charges—indeed it notes what is "not at issue," injects unnecessary and confusing detail about

**Anton and James Peraire-Bueno, are brothers who created a company that made money from trading cryptocurrency.  Most of their cryptocurrency trading is not at issue here.  The Indictment charges them with three crimes—conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering—all arising out of their design and use of a particular cryptocurrency strategy on April 2, 2023, and the subsequent movement of the cryptocurrency they obtained from that strategy.  The cryptocurrency transactions at issue in this case were conducted through pre-programmed computer codes, sometimes referred to as "bots."  They occurred on a cryptocurrency platform called Ethereum and also involved a software called MEV-Boost.[2]**

**The defendants deny the charges and have entered a plea of not guilty.[3]**

**Anton and James Peraire-Bueno deny all the charges, and they have entered pleas of not guilty. Under the law, the jury must presume the Peraire-Buenos are innocent of all the**

---

"bots," the names of computer programs, and the date of the Exploit, and calls the defendants' conduct a "strategy," a term that appears nowhere in the Indictment.  The Government's proposed description of the charges, in blue, is an accurate description of the Indictment.

[2] **Defendants' Position:** The Peraire-Buenos object to the government's description as inflammatory and prejudicial.  For example, the Peraire-Buenos have not been charged with stealing—a separate crime—and the inclusion of that language in the description of the offense is both incorrect and highly prejudicial.  It is defense counsel's experience that a neutral description of the alleged circumstances, with specific reference to context that will allow the venire to identify whether they may have relevant information or experience, is more effective and less prejudicial in serving the purpose of voir dire.  It is not clear what is inaccurate about the Peraire-Buenos' description of the alleged crimes (all three are listed), or why it is problematic to identify the cryptocurrency software and platform.  Moreover, the inclusion of the amount of cryptocurrency allegedly obtained does not assist the jurors in answering the questions that follow.

[3] **Government's Position**:  The Government proposes a simple instruction that the defendants have denied the charges and entered a plea of not guilty.  The defendants' additional language regarding the Government's burden and the defendants' presumed innocence is duplicative of multiple additional instructions and questions provided later in the voir dire.

charges.  It is the government's burden to prove beyond a reasonable each charge against each defendant beyond a reasonable doubt.[4]

## II.    Questions for Potential Jurors

Trial by jury is one of our most treasured rights in the United States. Sitting on a jury is one of the highest forms of public service. Because of this, we all have an obligation to serve on juries when called.

I will now ask each juror questions about the case, your background, important constitutional principles, and any experiences you may have had that might affect your ability to serve as a juror in this case. The only purpose of these questions is to determine whether you are the right fit for the jury in this case.  You should answer truthfully, including with your true feelings, whatever they may be.  Do not assume that your answers will qualify or disqualify you from serving on this jury.

Certain questions will be asked generally of the group and certain questions may be asked outside the hearing of the rest of the potential jurors.  If there are questions you would prefer to answer confidentially with just me and the attorneys, please let me know.[5, 6]

---

[4] **Defendants' Position:**  The Peraire-Buenos submit that this is an accurate description of the burden of proof.  The inclusion of language identifying the burden of proof is especially important if the Court adopts the government's proposed introduction to the case.

[5] **Government's Position:** The Government believes this language is unnecessary, while also creating undue pressure on the jury to assume responsibility for the defendants' "treasured" constitutional rights.  The Government does not object to the Court electing to welcome the venire and to discuss the importance of jury service in more neutral terms, if it desires to do so.

[6] **Defendants' Position:** It is the Peraire-Buenos' position that the right to trial by jury *is* a treasured constitutional right.  There is nothing inappropriate about identifying to jurors why they have been called to serve.  It is also common for courts to explain to the jurors the purpose of the questions they will be asked to answer.  The Peraire-Buenos understand the Court may well have its own preferred language; they simply submit this version for the Court's consideration in the event it is helpful.

**Initial Questions**

1.     Do any of you know anything about the facts of this case, other than what I have told you?

2.     Have you heard anything about this case, on social media, in the newspaper, on the radio, on the Internet, on television, in podcasts, or from others? *(If yes, the parties would respectfully request that the Court follow up, at side bar, if appropriate, with the following)*:

a.     How did you hear about the case? (*e.g.*, a friend, the newspaper, television). What did you hear/read/see?

b.     Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, or the defendants that might make it difficult for you to be a fair and impartial juror in this case?

3.     Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

**Ability to Sit as Jurors**

4.     The trial is expected to last approximately three-and-a-half weeks, from October 14, 2025 to November 6, 2025.  The jury will generally sit from 10:00 a.m. to 4:30 p.m. Monday through Thursday.  Do you have any extraordinary personal hardship that would interfere with you serving as a juror?

5.     Do you have any commitments that would interfere with you serving as a juror at a trial that is expected to end by November 6, 2025?

6.     Do you have any difficulty understanding or reading English?

7.     Hearing evidence in this case will involve paying attention while evidence and argument are seen and heard, as well as deliberating in a group.

      (a)     Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

      (b)     Is any juror taking any medication that would prevent him or her from giving full attention to all of the evidence at this trial?

      (c)     Does any juror have any health issue that would prevent him or her from giving full attention to all of the evidence at this trial?

8.     Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

### The Parties

9.     As I noted before, the defendants in this case are Anton Peraire-Bueno and James Peraire-Bueno. [*Please ask the defendants to rise when identified.*] Do any of you know, or have you had any dealings, directly or indirectly, with either defendant, or with any relative, friend or associate of the defendants?

10.     To your knowledge, do any of your relatives, friends or associates know either defendant?

11.     Anton Peraire-Bueno is represented by Daniel Marx and William Fick of the law firm Fick & Marx LLP. [*Please ask counsel to stand.*] Do any of you know or have you had any dealings with these attorneys, or any individuals in their office?

12.     James Peraire-Bueno is represented by Katherine Trefz, Daniel Shanahan, and Patrick Looby of the law firm Williams & Connolly, and Jonathan Bach of the law firm Shapiro Arato Bach LLP. [*Please ask counsel to stand.*] Do any of you know or have you had any dealings with these attorneys, or any individuals in their office?

13.     The Government is represented in this case, as in all cases, by the United States Attorney for this District, who is Jay Clayton.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Danielle Kudla, Jerry Fang, Benjamin Levander, and Ryan Nees.  [*Please ask the Government attorneys to stand*.]  Do any of you know Ms. Kudla, Mr. Fang, Mr. Levander, or Mr. Nees?  Have you or your family members or close friends had any dealings either directly or indirectly with them?

14.     Assisting Ms. Kudla, Mr. Fang, Mr. Levander, and Mr. Nees in this case will be Special Agent Marco Dias of the Internal Revenue Service, Criminal Investigation agency, or "IRS-CI," as well as David Naguib and Helena Kerest, paralegal specialists in the United States Attorney's Office.  [*Please ask Special Agent Dias, Mr. Naguib, and Ms. Kerest to stand.*]  Have you or your family members or close friends had any dealings either directly or indirectly with Special Agent Dias, Mr. Naguib, or Ms. Kerest?

## Other Persons and Entities

15.     I will now read a list of names of individuals, places, and businesses whose names may be mentioned during the trial, or who may be witnesses in this case:

[*The parties will submit a list of names and entities prior to trial*]

Are any of you familiar with any of these people, entities, or places, apart from simply being a customer of one of the entities?

## Relationship with the Parties

16.     Do any of you know, or have any association - professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the Southern District of New York?  IRS-CI?

17.    Have you, any member of your family, or any close friend ever been employed by any law enforcement agency – federal, state, or local?

18.    Have you, or any member of your family or close friends, ever been employed by any prosecutor's or attorney general's office, whether local, state, or federal?

19.    Have any of you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office?  For or against IRS-CI?  For or against any other law enforcement agency?

20.    Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

21.    Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

22.    Are you or do you have any close relatives or friends who are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail, or penitentiary?

**<u>Prior Jury Service</u>**

23.    Have you ever at any time served as a member of a grand jury, whether in federal, state, county or city court?  If so, when and where did you serve?  If so, were you the foreperson?

24.     Have you ever served as a juror in any court?  If so, when and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case?  Without revealing the verdict, did the jury reach a verdict?  Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

### Experience as a Witness, Defendant, or Crime Victim

25.     Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

26.     Have you, or any of your relatives or close friends, ever been a witness or a complainant in any federal, state, or local prosecution?

27.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

28.     Have you, has any member of your family, any associate, or close friend, ever been charged with a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the charges, including the nature of the crime and whether to prospective juror believes the charges were fairly brought.*]

29.     Have you, or have any of your relatives, associates, or close friends, ever been the subject any investigation or accusation by any federal or state grand jury, or by any Congressional committee?  [*As to any prospective juror who answers affirmatively, the Court is*

*respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the investigation.*]

30.     Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.*]

31.     Have you, or any of your close friends or relatives, ever been arrested, stopped, or questioned by any member of law enforcement? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by law enforcement.*]

32.     Have you ever been a plaintiff in a lawsuit, meaning have you ever sued someone?  Have you ever been a defendant in a lawsuit, meaning have you ever been sued?  Have you ever been a witness in a civil or criminal lawsuit?  If so, what was the nature of the lawsuit?

### **Ability to Render a Fair and Impartial Verdict (Case-Specific Questions)**

33.     During this trial, you will hear evidence about cryptocurrency and about transactions that occurred on what is known as a blockchain.  Do you have any familiarity with cryptocurrency or digital assets?  Have you invested in or traded cryptocurrency, or digital assets more broadly?

(a) Have you or a close family member or friend ever purchased, traded, used, or invested in cryptocurrency, such as ETH (Ether)? If so, please explain.

• Have you had any particularly negative or positive experiences?

(b) Have you ever studied cryptocurrency or blockchain technology, for work, in school, or on your own?

(c) Are you familiar with the Ethereum blockchain?

11

(d)  Have you ever heard of or used MEV-Boost?

(e)  Have you ever heard of or used Aztec <span style="color:red">**or Tornado Cash**</span>?

Will your experience affect your ability to be fair and impartial in this case?

34.    Do you have familiarity with the following blockchain and cryptocurrency-related companies: Coinbase, TRM Labs, Flashbots, and Ultrasound?  What is your familiarity with these companies?  Will your experience affect your ability to be fair and impartial in this case?

35.    **Do you have any beliefs about or experience with cryptocurrency or digital assets that would interfere with your ability to fairly evaluate this evidence in this trial or follow my instructions on the law?**[7]

36.    **Cryptocurrency has been mentioned in the news and on social media in recent years.  Do you have strong opinions or impressions about cryptocurrency in general or individuals who trade cryptocurrency? If so, please explain.**[8]

37.    Do you have any beliefs about or experience with the Government's role or regulation concerning cryptocurrency or digital assets that would interfere with your ability to fairly evaluate this evidence in this trial or follow my instructions on the law?

---

[7] **Defendants' Position:** Asking the jurors to self-identify whether their views will interfere with their ability to fairly evaluate the evidence, but not asking them for their views, is not helpful in identifying juror bias.  The Peraire-Buenos submit that their formulation (in the question that follows) would be more effective in identifying potential bias.  The Peraire-Buenos do not object to the Court also following up on any identification with questions about whether those opinions will interfere with their ability to evaluate the evidence or follow instructions.

[8] **Government's Position:**  Asking each juror to opine on their general views of cryptocurrency based on the "news" and "social media" is unnecessary and will unduly prolong the voir dire.  The prior questions properly address any biases relating to cryptocurrency issues.  At most, the jurors here could be asked whether they hold any views that would make them unable to fairly evaluate the evidence in this case or follow the Court's instructions on the law, as in the preceding questions.

38.     Have any of you, or your family members or close friends, ever worked in the cryptocurrency industry or on projects relating to the blockchain?  Will your experience affect your ability to be fair and impartial in this case?

39.     Are you familiar with the term "DeFi," which stands for Decentralized Finance?  If so, what do you know about DeFi?  Have you ever used a DeFi platform?  If so, please explain.

40.     Do any of you, or your family members or close friends, have background or experience in, or familiarity with, computer science or computer coding?  Is there anything about that background, experience, or familiarity that would interfere with your ability to fairly evaluate this evidence in this trial or follow my instructions on the law?

41.     Do any of you feel that you have strong views on the crimes charged in the Indictment, including wire fraud and money laundering, that would affect your ability to follow my instructions on the law and base your verdict solely on the evidence in this case?

42.     Do you have any strong opinions about the ability for individuals and their financial transactions to remain anonymous online?  Will those opinions impact your ability to be fair and impartial in this case?

43.     Do you read any cryptocurrency-related news publications or listen to any cryptocurrency-related programs or podcasts?

44.     Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes or should not be prosecuted federally?

45.     During this trial, you may hear evidence about the use of messaging services including Discord, Signal, and Telegram.  Do you have any familiarity with these messaging services?  Will your experience affect your ability to be fair and impartial in this case?

## Witnesses, Evidence, and Investigative Techniques

46.    The Government witnesses in this case may include law enforcement personnel, including Special Agents from the IRS-CI.  Would any of you be more likely to believe a witness merely because he or she is a law enforcement officer? Would any of you be less likely to believe a witness merely because he or she is a law enforcement officer?

47.    **You may hear testimony from a witness called by the Government, who may have been involved in the crimes charged in the Indictment or was otherwise involved in criminal conduct. This witness is working with the Government in exchange for certain benefits. There is nothing unlawful about the Government's use of such a witness.  Do any of you have problems with this type of witness such that you may be unable to be fair and impartial? Would you have any bias for or against the Government because of testimony obtained in this manner? I will also instruct you that it is no concern of yours why the Government has chosen to enter into agreements with this witness, and you are not to speculate about the reasons. Would you have any difficulty following my instructions on the law in this regard?[9, 10]**

---

[9]**Defendants' Position:** The Peraire-Buenos object to this question as improperly suggesting, before any evidence has been entered, that there is a crime.  They further object to the wording of the second to last sentence, which inaccurately suggests that the jury should not consider the presence of a cooperation agreement, when in fact such an agreement is plainly relevant to bias. The Peraire-Buenos have been made aware of a single cooperating witness who has not pled guilty to any crime.  They have not been provided notice of the terms of CC-1's Non-Prosecution Agreement.  If the Court asks this question, the Peraire-Buenos request the opportunity to proposed modifications once they have been provided notice of any cooperation agreement.

[10] **Government's Position**:  This question properly reflects the instruction on cooperator testimony regularly given in this District in cases where a cooperator testifies pursuant to an agreement, as described further in the parties' Requests to Charge.  A potential juror's biases regarding cooperating witnesses or inability to follow this instruction may be grounds for disqualification of that juror.  Accordingly the Government requests that the Court include this

48.    This case may involve some individuals and conduct located abroad. For example, you may hear about actions taken in Israel, or individuals from Israel and Lebanon. I instruct you that the national origin of these individuals is not at issue. Is there anyone who believes those circumstances would make it difficult for you to render a wholly fair and impartial verdict?

49.    [Subject to *Daubert* rulings]   You also may hear testimony from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

50.    Some of the evidence in this case was obtained through searches conducted by law enforcement officers. This evidence was obtained lawfully, **though the defendants may challenge the probative value or weight of such evidence.**[11, 12]   Do you have any beliefs about or experiences with law enforcement searches that would interfere with your ability to fairly evaluate this evidence along with all of the other evidence that will be introduced at this trial?

51.    **Does anyone have any expectations about the types of evidence that the Government might present in criminal trials?   Would any of you be unable to follow the**

---

question in its voir dire.  The Government will be producing CC-1's Non-Prosecution Agreement, on September 16, 2025, in connection with the deadline for production of 3500 material.

[11] **Defendants' Position**: This language (or similar language) is necessary to clarify that the admission of such evidence does not mean that it necessarily carries the weight the government would assign it.

[12] **Government's Position**:  Any challenges to the relevance of evidence will be directed to the Court, not the jury.  While it is true that either party may challenge the weight of any evidence in this case, the defendants' proposed additional language to that effect is beside the point here and serves only to confuse the jury about the nature of the question.

Court's instructions that the Government is not required to use any particular techniques when investigating and presenting evidence of a crime?

### Persons Not on Trial

52.     You might hear evidence in this trial of criminal activity committed by people other than the defendants.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### Function of the Court and Jury

53.     The judge and the jury have separate roles in the trial of a case. Your job as jurors is to determine the facts based on the evidence presented at the trial. My job is to instruct you as to the law that governs or controls the case. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. You may not substitute your own notions of what the law is, or what you think it should be. On these legal matters, you must take the law as I give it to you. Would you be reluctant or unwilling to follow my instructions as to the law governing this case?

54.     The burden of proving guilt beyond a reasonable doubt rests entirely with the Government. The defendant has no burden of proof whatsoever. The defendant is presumed innocent throughout the course of the trial unless and until the Government proves him guilty beyond a reasonable doubt. Would you be unable or unwilling to accept and follow these principles of law?

55.     **As stated before, the Indictment in this case is not evidence or proof of anything. It simply notifies the Peraire-Buenos of the charges against them. Knowing this, do you think that because the Peraire-Buenos have been charged by the government and are here on trial, they must have done *something* wrong or illegal? Do you think that just because a person sits here today, accused of something, he is probably guilty?  Does the fact that the Peraire-Buenos have been charged with a crime make it difficult for you to presume they are innocent?[13, 14]**

56.     Would you—for reasons that have nothing to do with the law or the evidence—be reluctant or unwilling to render a guilty verdict?

57.     Would you—for reasons that have nothing to do with the law or the evidence—be reluctant or unwilling to return a verdict of not guilty?

58.     Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether each defendant is guilty of the crimes charged?

---

[13] **Government's Position:**  This paragraph is duplicative of the questions relating to a juror's ability to follow instructions regarding reasonable doubt, burden of proof, and the presumption of innocence in the preceding paragraph and the instruction that "[t]he Indictment itself is not evidence" provided earlier in the voir dire.  Further, the questions contained in this paragraph are themselves redundant of each other, improperly phrased because they are leading and suggestive in nature, and inconsistent with the practice in this District.

[14] **Defendants' Position:** These questions and those about testifying and putting on a case are aimed at identifying biases against criminal defendants that may exist regardless of the instructions of the Court.  These questions properly state the legal standards and directly connect them to the question aimed at rooting out the potential bias.  The Peraire-Buenos submit that these questions are especially important if the Court asks the government's proposed question about ability to return a verdict.

59.     Will each of you accept the proposition not to base your decision in this case upon a bias or prejudice in favor or against a person who may appear in this trial on account of that person's race, ethnicity, national origin, gender, religion, or age?

60.     Will each of you accept the proposition of law that sympathy **[to the Government, the Peraire-Buenos, or any witness]**[15, 16] must not enter into the deliberations of the jurors as to guilt or innocence of either defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of either defendant?

61.     Under our Constitution, no person accused of a crime is required to testify at trial and jurors may not hold it against a defendant if he should elect not to testify. Would any of you be unwilling or unable to follow that instruction?

> **(b) Will you still need to hear one or both of the Peraire-Buenos testify in order to reach a verdict?**
>
> **(c) Do you believe a person who does not testify is more likely to be guilty than one who testifies?**

---

[15] **Government's Position:**  This question regarding sympathy is intended to ensure that the jurors can properly judge the charges against the defendants based on the law and the evidence, not sympathy.  Courts in this District routinely instruct the jury on this point, and the defense has identified no S.D.N.Y. case where their requested language was added.  The Government believes the added language proposed by the defendants risks distracting the jury and confusing the purpose of the question.  The defendants' proposed addition should not be included.

[16] **Defendants' Position:** The language is fully consistent with the purpose of the question as identified by the government in its footnote, i.e., "to ensure that the jurors can properly judge the charges against the defendants based on the law and the evidence, not sympathy."  This addition is meant to clarify that sympathy to *any* party is not appropriate; rather, consideration of the evidence determines guilt or innocence.  The Peraire-Buenos disagree that this language adds confusion.  If the government's position is that sympathy for the government or a witness *is* an appropriate consideration, the government is wrong.

62.     **Under the law, if the defense chooses to put on a case by calling its own witnesses or presenting its own evidence, it does not alter the government's burden of proof in any way.  The burden to prove this case beyond a reasonable doubt never shifts to the Peraire-Buenos.  They do not have any burden to prove their innocence or lack of guilt by choosing to put on a defense case. Would you have any problem accepting and applying this rule of law?[17]**

63.     **It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?[18, 19]**

## Other Biases

64.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

---

[17] **Government's Position**: The Government objects to these questions and statements as unnecessary, redundant, and unduly confusing and suggestive.

[18] **Government's Position**:  This question is routinely included in voir dire in this District for good reason.  The Government submits it is necessary to determine in voir dire if there is a potential juror who would engage in jury nullification by refusing to return a verdict of guilty even if the evidence has established a defendant's guilty beyond a reasonable doubt.

[19] **Defendants' Position**:  This question is unnecessary.  If the Court asks this question, the Peraire-Buenos believe it is even more important to ask their specific questions about the burden of proof and a defendant's right not to testify or put on a case.  Those questions get at comparable kinds of bias against the defendant as the government seeks to root out with this question.

65.     I believe this case may generate some publicity. Will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports or podcasts concerning the case until after it is over? If not, please raise your hand.

### Juror's Background & Affiliations[20, 21]

66.     The Parties respectfully request that the Court ask each juror to state the following information:

(a)     the juror's age;

(b)     the area in which the juror resides, and any other areas in which the juror has resided during the last 5 years;

(c)     where the juror is from;

(d)     the members of the juror's household;

(e)     the juror's educational background, including the highest degree obtained;

(f)     the juror's occupation; [*if retired, please inquire as to former occupation*];

(g)     the name and location of the juror's employer;

(h)     the same information with respect to the juror's spouse and any working children;

---

[20] **Defendants' Position**:  The Peraire-Buenos submit that it may be beneficial for the parties and the Court to hear the answers to these questions earlier in the *voir dire*, in order to inform the parties' and the Court's understanding of answers to broader questions and to formulate appropriate follow up questions to those later answers.

[21] **Government's Position**:  The Government proposes asking these juror-specific questions last, as is typical in this District, because the earlier questions largely go toward disqualification (*i.e.*, for-cause challenges), whereas these questions largely go toward eliciting information the parties may desire in evaluating their peremptory challenges.  It is inefficient to ask these questions of a juror first and later find out that he or she should be dismissed for-cause.  Additionally, hearing the earlier questions may help potential jurors to remember relevant portions of their biographical information in a way that answering these personal questions in a vacuum may not.

(i)    what newspapers, magazines, or websites, including social media sites, the juror reads and how often;

(j)    what television programs the juror watches; and

(k)    the juror's hobbies and leisure-time activities and organizations.

**<u>Requested Instructions Following Impaneling of the Jury</u>**

67.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family and your friends. If your friends or family ask you about the trial, you may simply tell them that you are a juror in a criminal case and that the judge has instructed you not to discuss it.

68.    If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So, if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

69.    Please do not read or watch anything in newspapers, television, or on the Internet that relates to the case or any of its participants in any way. This means no Google searches, or looking anything up on the Internet regarding the case or anyone involved in it. My instruction that you cannot discuss the case also applies to instant messages, chats, texts, emails, and social media, including Facebook, X, Instagram, Snapchat, TikTok, blogs, etc. Do not discuss the case at all, and do not write or post anything about the case at all.

Dated:  New York, New York
       September 15, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s/ Benjamin Levander_____
       Jerry Fang
       Danielle Kudla
       Benjamin Levander
       Ryan Nees
       Assistant United States Attorneys

By:     /s/ Daniel Marx
       Daniel Marx, Esq.
       William Fick, Esq.
       Fick & Marx LLP

       *Counsel for Defendant*
       *Anton Peraire-Bueno*

        /s/ Katherine Trefz
       Katherine Trefz, Esq. (*pro hac vice*)
       Daniel Shanahan, Esq. (*pro hac vice*)
       Patrick Looby, Esq. (*pro hac vice*)
       Williams & Connolly LLP

       Jonathan Bach, Esq.
       Shapiro Arato Bach LLP

       *Counsel for Defendant*
       *James Peraire-Bueno*