# Contents

**GENERAL REQUEST NO. 1 Role of the Court** ..................................................................................1
**GENERAL REQUEST NO. 2 Role of the Jury** ..................................................................................2
**GENERAL REQUEST NO. 3 What Is and Is Not Evidence** ..........................................................3
**GENERAL REQUEST NO. 4 Rulings on Evidence and Objections** .........................................5
**GENERAL REQUEST NO. 5 Presumption of Innocence and Burden of Proof** ....................6
**GENERAL REQUEST NO. 6 Reasonable Doubt** ...............................................................................7
**GENERAL REQUEST NO. 7 Government as a Party** ......................................................................8
**GENERAL REQUEST NO. 8 Direct and Circumstantial Evidence** .........................................9
**GENERAL REQUEST NO. 9  Witness Credibility** ........................................................................11
**GENERAL REQUEST NO. 10 Verdict Must Be Unanimous** ..................................................13
**GENERAL REQUEST NO. 11 Jury's Recollection Controls** ...................................................14
**GENERAL REQUEST NO. 12 Right to See Exhibits / Have Testimony Read** .....................15

## GENERAL REQUEST NO. 1

### Role of the Court

You have now heard all of the evidence in this case, as well as the final arguments of the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them. On these legal matters, you must take the law as I give it to you. If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. And you should know that you're going to be able to take a copy of these instructions into the jury room.

Source(s): *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1444-45; *see also Sand* Instruction 2-2.

**GENERAL REQUEST NO. 2**

**Role of the Jury**

Your final role is to pass upon and decide the fact issues that are in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. I will later discuss with you how to pass upon the credibility, or believability, of the witnesses.

Source(s):  *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1445; *see also Sand* Instruction 2-3; *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 5.

## **GENERAL REQUEST NO. 3**

### **What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence before you consists of the answers given by witnesses, the testimony they gave as you recall it, and the exhibits that were received in evidence. The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard. You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of either defendant has been proven beyond a reasonable doubt.

You are the exclusive judges of the facts, and you are to perform the duty of finding the facts without bias or prejudice as to any party.

As I said, in determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.

If your recollection of the facts differs from the statements made in opening or closing, you should rely on your recollection. If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

A question put to a witness is not evidence. It is only the answer that is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact to be taken in substitution for your own independent recollection. What I say is not evidence.

Relatedly, do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

In addition, remember that it is the duty of a party to object when the other side offers testimony or other evidence that the party believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. An objection is not evidence, nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

The personalities and the conduct of counsel are not in any way at issue. If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in this case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations. The only issue is whether the government has proven each of the elements of the charged offenses beyond a reasonable doubt.

Source(s):  *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1445-48; *see also United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 6-7.

## GENERAL REQUEST NO. 4

### Rulings on Evidence and Objections

It is the duty of attorneys to offer evidence and press objections on behalf of their clients. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer. The issue before you is not which attorney is more likeable or the better attorney--the issue is whether or not the government has sustained its burden of proof.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based upon the facts as found by you from the evidence and the law contained in these instructions.

Source(s):  *Sand* Instruction 2-9.

**GENERAL REQUEST NO. 5**

**Presumption of Innocence and Burden of Proof**

Now I will instruct you on the presumption of innocence and the government's burden of proof in this case. Each defendant has pleaded not guilty. By doing so, each denies the charges in the indictment. Thus, the government has the burden of proving the charges against each defendant beyond a reasonable doubt. Each defendant is presumed innocent. A defendant does not have to prove his innocence. This presumption of innocence was in each defendant's favor at the start of the trial, continued in their favor throughout the entire trial, is in their favor even as I instruct you now, and continues in their favor during the course of your deliberations in the jury room.

The government has the burden of proof in this case. The presumption of innocence is removed as to a defendant if, and only if, you, as members of the jury, are satisfied that the government has sustained its burden of proving the guilt of that defendant beyond a reasonable doubt on each and every element of the offense you are considering.

Source(s):  *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1448; *see also Sand* Instruction 4-1; *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 67-69.

**GENERAL REQUEST NO. 6**

**Reasonable Doubt**

Now, the question naturally is what is reasonable doubt? It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict. The burden never shifts to the defendants, for it is the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the guilt of the defendant you are considering with respect to a particular offense, you must acquit that defendant of that offense. Only if, after fair and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt of the guilt of that defendant with respect to each and every element of a particular offense may you convict that defendant of that offense.

Source(s):  *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 68-69; *see also United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1449-50; *Sand* Instruction 4-2.

## **GENERAL REQUEST NO. 7**

### **Government as a Party**

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Source(s):  *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1448; *see also Sand* Instruction 2-5; *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 5-6.

## **GENERAL REQUEST NO. 8**

### **Direct and Circumstantial Evidence**

Now, there are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day outside. Also assume that the courtroom shades were drawn, and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

Source(s):  *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1450-51; *see also Sand* Instruction 5-2; *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 8-9.

## **GENERAL REQUEST NO. 9**

### **Witness Credibility**

Now I'm going to briefly discuss evaluating the credibility of witnesses.

You have had the opportunity to observe the witnesses. It is now your job to decide how believable or credible each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. How do you judge the credibility of witnesses? There's no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in light of all other testimony and evidence, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. You should use your common sense, your good judgment, and your everyday experiences in life to make credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony, and accept as true any other portion of the testimony which commends itself to your

belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some respects, and yet be truthful and entirely credible in other respects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: Did the witness tell the truth before you? It is for you to say whether his or her testimony at trial is truthful in whole or in part.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of this case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Source(s): *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1484-87; *see also Sand* Instruction 7-1; *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 11-14.

## **GENERAL REQUEST NO. 10**

### **Verdict Must Be Unanimous**

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with a particular law in question. The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Source(s):  *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1493.

## GENERAL REQUEST NO. 11

### Jury's Recollection Controls

If any one of you took notes during the course of the trial, you should not show your notes to or discuss your notes with any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in this case.

Source(s): *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1494-95.

## **GENERAL REQUEST NO. 12**

### **Right to See Exhibits / Have Testimony Read**

So you're about to go into the jury room and begin your deliberations. A list of exhibits and the exhibits that were received into evidence will be provided to you in the jury room. If you want any of the testimony read back to you, you may also request that. If you want testimony read back to you, please be as specific as you possibly can. The court reporter will have to look through the transcript and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements. If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for testimony — in fact any communications with the Court — should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Source(s): *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1494.