LAW OFFICES

**WILLIAMS & CONNOLLY** LLP®

680 MAINE AVENUE SW

WASHINGTON, DC 20024

202.434.5000

WWW.WC.COM

PATRICK J. LOOBY
(202) 434-5150
plooby@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 3, 2025

<u>Via ECF</u>
The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

  Re: *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) – Defendants' Submission on the Court's Proposed Scheme-to-Defraud Jury Instruction

Dear Judge Clarke:

  Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully submit this letter setting forth their position on the Court's proposed scheme to defraud jury instruction.

  To begin, the instruction correctly states the misrepresentation element of wire fraud. As the Peraire-Buenos explained in footnote 27 of the Joint Requests to Charge (ECF 154), it is black letter law that wire fraud requires proof of a material misrepresentation (to include, where appropriate, a half-truth) or an omission coupled with a duty to disclose. *See Neder v. United States*, 527 U.S. 1, 22 (1999) ("[T]he well-settled meaning of 'fraud' required a misrepresentation or concealment of material fact."); *see also* ECF 154 at 27-29 n.27 (collecting cases). Contrary to the government's suggestion at the final pretrial conference, the Second Circuit cases cannot be read to state just one way in which fraud *may* be proven. Rather, they confirm the misrepresentation element beyond reasonable dispute by either stating it in clear terms, *see, e.g.*, *United States v. Runner*, 143 F.4th 146, 154 (2d Cir. 2025); by affirming convictions based on sufficient proof of a misrepresentation (and/or omission), *see, e.g.*, *United States v. Hild*, 147 F.4th 103, 111 (2d Cir. 2025); by vacating convictions where there was insufficient proof of a material misrepresentation, *see United States v. Autuori*, 212 F.3d 105, 120 (2d Cir. 2000); or by dismissing civil RICO complaints premised on wire fraud for failure to allege a misrepresentation, *see Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124-26 (2d Cir. 2018).

  The government's position is that this mountain of post-*Neder* Second Circuit precedent, the *Sand* treatise, and the recent district court cases the Court cites in its proposed instruction are all wrong,[1] and that a footnote in a single pre-*Neder* case states an alternative path to a fraud

---

[1] The government's position is also that the well-established law in other circuits is also wrong, *see, e.g.*, *United States v. Radley*, 632 F.3d 177, 185 (5th Cir. 2011); *United States v. Gee*, 226

WILLIAMS & CONNOLLY<sub>LLP®</sub>

October 3, 2025
Page 2

conviction.  But *United States v. Trapilo*, 130 F.3d 547 (2d Cir. 1997), was an omission case involving smuggling in violation of laws that imposed disclosure duties.  In that context, concealment was sufficient to show a scheme to defraud without a "misrepresentation *of fact*." 130 F.3d at 550 n.3 (emphasis added).  To the extent *Trapilo* purported to state a broader theory of fraud, that dicta was premised on a definition of fraud that was repudiated in *Neder* over two decades ago, and by the Second Circuit this year in *United States v. Chastain*, 145 F.4th 282, 296 (2d Cir. 2025).  *Hild*, cited by the government, confirms the misrepresentation requirement.  *Hild* stated the requirement, *see id.* at 110, and applied it to affirm, *id.* at 111.  Its citation to *Trapilo* was merely to support its holding that a combination of the defendant's material "omissions and misstatements" had contributed to the victims' understanding of a disputed contract term.  *See id.*

In any event, an instruction that omitted this element in favor of a theory that the Indictment clearly does not charge would render a constructive amendment or prejudicial variance that would require dismissal in the event of a conviction.  *See* ECF 128.  As recently as a month ago, the government emphasized that, "[t]o be clear, the Government's fraud theory . . . is based on the defendants' own misrepresentations—namely the defendants' 'bait' transactions and the False Signature."  ECF 146 at 11.  The time has come for the government to attempt to prove the only theory it has charged.  The government's eleventh-hour effort to inject an uncharged theory into the instructions is deeply troubling and invites error, because it is legally baseless and has nothing to do with this case.

Paragraph four of the Court's proposed instruction also appropriately identifies the "Lure Transactions" and "False Signature" as the only specific misrepresentations the government alleged in the Indictment.  This is consistent with a standard practice of the courts in this District to specify the types of misrepresentations at issue in the case—including by quoting language from the relevant charge in the indictment.  *See, e.g.*, *United States v. Albin*, No. 23-cr-00664-JGK (S.D.N.Y.), Tr. 1770-71 (quoting indictment when introducing wire fraud charge); *United States v. Middendorf*, No. 18-cr-00036-JPO (S.D.N.Y.), Tr. 3442-43 (similar); *United States v. Gatto*, No. 17-cr-00686-LAK (S.D.N.Y.), Tr. 1837-38 (explaining in extensive detail the "two different means" by which the government alleged a scheme to defraud was carried out); *United States v. Newkirk*, No. 1:14-cr-00534-JSR (S.D.N.Y.), ECF 77 at 13 (specifying in scheme-to-defraud instruction that scheme was based on a "lie to investors to get them to make loans in connection with an attempted acquisition of Maxim magazine").

There are, however, aspects of the instruction that the Peraire-Buenos propose to amend:

*First*, the Peraire-Buenos object to paragraph three in its entirety.  It is unnecessary to define "fraud" as a general matter because the relevant statutory term is "scheme or artifice to defraud" and paragraph two already defines that term.  Many courts in this District have omitted a generalized definition of fraud from their instructions on the scheme-to-defraud element.  *See, e.g.*,

---

F.3d 885, 891-92 (7th Cir. 2000), as are the Second Circuit's many bank fraud precedents stating the same requirement for that statute, *see e.g.*, *United States v. Rigas*, 490 F.3d 208, 231 (2d Cir. 2007); *United States v. Vidal*, 2024 WL 397630, at *1 (2d Cir. Feb. 2, 2024).

WILLIAMS & CONNOLLY LLP

October 3, 2025
Page 3

*United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y.), ECF 170, Tr. 1476; *United States v. Avenatti*, No. 19-cr-374-JMF (S.D.N.Y.), Tr. 1735-38; *United States v. Darden*, No. 23-cr-134-VSB (S.D.N.Y.), Tr. 1244-48; *Newkirk*, ECF 77 at 12-13. At a minimum, the phrase "concealment of the truth" should be omitted from the instruction because the Indictment charges the Peraire-Buenos with having made affirmative, material misrepresentations, not with having concealed the truth. ECF 61 at 17 n.6. Further, at a minimum, the final sentence of the paragraph is largely redundant of paragraph two and may be omitted even if the rest of the paragraph remains.

*Second*, paragraph five should also be omitted because it is inapplicable to the facts of this case. The paragraph identifies ways in which verbal or written representations can be deceptive in addition to their semantic meaning—*i.e.*, through the "arrangement of the words or the circumstances in which they are used." The wire fraud charge in this case, however, is premised exclusively on messages supposedly conveyed through trades or computer code, not words. For this reason, the instruction would only confuse the jury. *See United States v. Horton*, 921 F.2d 540, 543 (4th Cir.1990) ("No instruction may be given unless there is a foundation in the evidence to support it."). To the extent this paragraph is intended to explain the "half-truth" theory of falsity, it is also inapplicable because the government has never alleged that the Lure Transactions or False Signature were half-true but misleading. To the contrary, it has only ever alleged that they were outright lies. *See, e.g.*, ECF 61 at 15; ECF 97 at 2; ECF 146 at 10.

*Third*, the Peraire-Buenos propose to delete the first sentence of paragraph eight, which defines a "reasonable person" as "a person of ordinary intelligence in the position of a trader on the Ethereum network." As explained in the Peraire-Buenos' opposition to the government's motion *in limine* on this subject, the traders who pre-programmed the automated MEV-Bots are not the relevant decision-makers, because the Bots identified opportunities and proposed trades without any human intervention. *See* ECF 145 at 29-31.

*Finally*, the Peraire-Buenos object to the exclusion of other portions of their proposed instruction in ECF 154. Specifically, the jurors should be instructed that they must unanimously agree on which misrepresentation forms the basis for the scheme to defraud. A general unanimity charge is insufficient in this case where the novel allegations concern alleged misrepresentations that do not resemble representations at all. *See* ECF 130. A more specific unanimity instruction would allay the risk of a guilty verdict despite unaddressed confusion among jurors as to which step was "false." *See United States v. Schiff*, 801 F.2d 108, 114-15 (2d Cir. 1986) (suggesting general unanimity charge insufficient "in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion"). The jury should also be instructed on the implicit causation element under *Loughrin v. United States*, 573 U.S. 351 (2014). *See* ECF 154 at 25-26 & n.25. While wire fraud instructions historically have not included this element, the case law on which it is based is relatively recent. The same is true of the Court's proposed language based on *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016), which also is not typically included although it correctly states the law. Lastly, whether in the scheme-to-defraud instruction or elsewhere, the jury should be instructed that it must find that the alleged victims had an enforceable right in the property that was the object of the scheme. *See* ECF 154 at 32 & n.32.

WILLIAMS & CONNOLLY LLP

October 3, 2025
Page 4

                                                Respectfully submitted,

By: */s/ William Fick*                     By: */s/ Patrick J. Looby*
Fick & Marx LLP                                Williams & Connolly LLP
*Counsel for Defendant*                 *Counsel for Defendant*
*Anton Peraire-Bueno*                   *James Peraire-Bueno*

cc: Counsel of Record via ECF