

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 13, 2025

<u>BY ECF</u>
Honorable Jessica G. L. Clarke
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

     Re:    *United States v. Peraire-Bueno*, S1 24 Cr. 293 (JGLC)

Dear Judge Clarke:

     The Government respectfully writes to seek the admission of two summary charts the Government intends to present in connection with the testimony of summary witnesses, Paralegal Specialist Olivia Sebade and Special Agent DeLeassa Penland. As set forth below, the proposed summary charts that the Government intends to offer in connection with these witnesses' testimony are admissible and supported by a long line of precedent holding that such charts are useful to the jury, save time, and are permitted by Federal Rule of Evidence 1006. The defense's objections to both charts should be overruled.

**I.     The Summary Witnesses' Expected Testimony and Summary Charts**

     Paralegal Specialist Sebade and Special Agent DeLeassa Penland are each expected to provide summary testimony regarding, principally, a voluminous number of documents setting forth a detailed chronology of the defendants' scheme to defraud victims and to launder the proceeds of their fraud. Sebade's summary chart (GX 506) covers the period up to and including April 3, 2023 (the day after the Exploit), and Special Agent Penland's chart (GX 507) covers the period thereafter. The Government intends to present this large volume of evidence in an efficient and comprehensible fashion, including the use of two summary charts in the form of timelines[1]— one for each witness—assembling voluminous email, text message, phone record, and other documentary evidence in an integrated and chronological manner that will aid juror comprehension and allow for an efficient presentation of evidence. The Government expects the summary witnesses principally to explain the methods by which they verified the contents of the summary charts, by confirming their contents within other voluminous, admissible documents, and to read from or summarize portions of the summary charts and certain of the underlying

---

[1] In addition to the two charts discussed in this letter, the Government intends to introduce a third summary chart, attributing certain phone numbers, devices, and electronic accounts to certain individuals. The Government produced a draft of this exhibit to the defendants earlier today, and the defendants have not yet objected to this third chart.

documents cited in them. The charts themselves, GX 506 and GX 507, consist of (i) the date of the document or communication, (ii) the time in UTC, (iii) who sent the communication (or saved the document), (iv) who received the communication, (v) a column currently entitled "Detail," containing a quotation, screenshot, or other reproduction drawn from the underlying exhibit, and (vi) the exhibit number of the underlying exhibit or exhibits.

The Government produced drafts of GX 506 and GX 507 on October 7, 2025.[2] On October 11, the parties met and conferred, and the Government inquired whether the defendants intend to object to the summary charts. On October 12, the defendants responded by email, stating that they would object to the exhibits as "prejudicial and argumentative because [they] highlight[] only portions of each [underlying] exhibit that appear to advance the government's case." Ex. A.

## II.    Discussion

The use of summary charts, like GX 506 and GX 507, to organize and present various types of evidence into timelines has repeatedly been recognized by the Second Circuit as useful to the jury and permitted by Rule 1006. *See, e.g.*, *United States v. Ho*, 984 F.3d 191, 209-10 (2d Cir. 2020) (hundreds of pages of text messages, emails, and other documents "merited the use of summary charts in a complex fraud trial," citing cases); *United States v. Miller*, 954 F.3d 551, 565 (2d Cir. 2020) (affirming admission of summary chart of "hundreds of calls and text messages" and explaining that "this information would have been difficult for the jury to synthesize and evaluate without the aid of a summary"); *United States v. Blackwood*, 366 F. App'x 207, 212 (2d Cir. 2010) (affirming admission of "government's summary charts [which] set forth detailed information concerning well over 100 telephone calls spanning three days between four individuals"); *see also United States v. Yousef*, 327 F.3d 56, 158 (2d Cir. 2003) (stating the Second Circuit has "regularly affirmed" the use of summary charts "to draw the jurors' attention to particular evidence culled from a voluminous set of records"); *United States v. Lasko*, 146 F. App'x 530, 532 (2d Cir. 2005) ("The use of charts summarizing evidence is a common procedure whose use we have repeatedly approved." (internal quotation marks omitted)).

Here, GX 506 and GX 507 are collections of selected documents arranged in chronological order and thus substantively indistinguishable from the summary charts approved by the Circuit in *Ho*, 984 F.3d at 209-10. Indeed, the challenged charts here are virtually identical in form to charts admitted over similar defense objections in other cases in this District. *See, e.g.*, *United States v. Robert Menendez*, 759 F. Supp. 3d 460, 519-22 (S.D.N.Y. 2024) (summary chart with nearly identical format to those at issue here admitted over defense objections); *United States v. Nadine Menendez*, S4 23 Cr. 490 (SHS), 2025 WL 2166135, at *30-33 (S.D.N.Y. July 31, 2025) (same); *United States v. Skelos*, No. 15 Cr. 317 (KMW), Tr. 2252-57, 2262 (S.D.N.Y. 2015) (rejecting defense argument that timeline charts were

---

[2] The Government is in the process of moderately amending each exhibit to remove any underlying exhibits excluded by the Court's October 9, 2025 ruling, to fix any errors identified after producing the draft exhibits, and to add additional rows based on further review of the evidence and in light of the Court's October 9 ruling that exhibits used in closing or provided to the jury, must, at minimum, be included in a summary chart introduced by a testifying witness. The Government will promptly produce a revised draft of each exhibit to the defendants and the Court once the revisions are complete.

"argument presented through an FBI agent" and "in effect summation," and finding that "it is precisely the type of information that has been allowed to be used in charts"); *United States v. Calk*, No. 19 Cr. 366 (LGS), Tr. 2-3 (S.D.N.Y. June 22, 2021) (admitting similar timeline charts over objection). As with the virtually indistinguishable charts admitted in each of those cases, GX 506 and GX 507 should similarly be admitted here.[3]

The defendants' objection to GX 506 and GX 507—that the charts are "prejudicial and argumentative" because they "highlight[] only portions of each [underlying] exhibit that appear to advance the government's case," Ex. A—is unavailing. While summary charts must be based on the evidence they purport to represent, they need not include all evidence the opposing party may wish. *See, e.g.*, *United States v. Gentile*, No. 21 Cr. 54 (RPK) (PK), 2024 WL 3046193, at *3 (E.D.N.Y. June 18, 2024) (rejecting defense argument that Rule 1006 slides improperly "cherry-pick" certain transactions to highlight, holding "these are the sort of summary slides that Rule 1006 permits"). "A summary may include only evidence favoring one party, so long as the witness does not represent to the jury that he is summarizing all the evidence in the case." *Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316, 333 (E.D.N.Y. 2013) (internal quotation marks and brackets omitted).

Accordingly, a summary chart is admissible even when a defendant complains that it takes evidence out of context in order to support prosecution theories. For example, in *United States v. Parnas*, a defendant opposed the admission of chronological summary charts of communications and did "not contend that anything included in the charts was false; he instead assert[ed] that the charts were misleading because they took evidence out of context to support the government's narrative." No. 19 Cr. 725 (JPO), 2022 WL 669869, at *7 (S.D.N.Y. Mar. 7, 2022), *aff'd sub nom. United States v. Kukushkin*, 61 F.4th 327 (2d Cir. 2023). Judge Oetken rejected that argument, holding that it was "well within the government's right" to present evidence to support its narrative in its case in chief. *Id.*; *see, e.g.*, *Menendez*, 759 F. Supp. 3d at 520-21 (summary charts properly admitted over defense objection that "the information on the summary charts was 'cherry-picked' by the government to only show the jury communications that were crucial to its case'"). Indeed, the Circuit has repeatedly rejected just such arguments. *See Ho*, 984 F.3d at 209-10 (rejecting argument that timeline of selected exhibits could not be introduced under Rule 1006 because it was allegedly "created for the purpose of generating a narrative supporting the prosecution's theory of the case"); *see also, e.g.*, *Miller*, 954 F.3d at 565 (affirming admission of summary chart that listed "highly selective" set of telephone calls and texts); *see generally Yousef*, 327 F.3d at 158 (noting regular affirmance of summary charts "to draw the jurors' attention to particular evidence culled from a voluminous set of records").

Instead of any supposed requirement to include all portions of all documents the opposing party wishes, a proper foundation for a summary chart requires only "enough explanation to allow the jury to see how the entries on the chart were derived from the underlying evidence." *Menendez*, 759 F. Supp. 3d at 520. The Government expects to elicit such foundation for GX 506 and GX 507 through the direct testimony of Paralegal Specialist Sebade and Special Agent Penland, respectively, and to use those exhibits to efficiently present voluminous evidence to the jury, precisely as contemplated by Rule 1006. Accordingly, the Court should admit those summary exhibits.

---

[3] The Government can provide the Court with copies of such exhibits upon request.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

by: _____/s/_____
Danielle Kudla / Jerry Fang /
Benjamin Levander / Ryan Nees
Assistant United States Attorneys

Cc: Counsel of Record (by ECF)