LAW OFFICES

WILLIAMS & CONNOLLY LLP®

KATHERINE TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 15, 2025

<u>Via ECF</u>
The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

   Re: *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) – Defendants'
     Letter regarding State-of-Mind Testimony by Travis Chen

Dear Judge Clarke:

  Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully submit this letter requesting that the Court preclude testimony by the government's cooperating witness, Travis Chen, concerning his *present-day* perception of the deceitfulness, wrongfulness, or illegality of the charged conduct, as irrelevant and unduly prejudicial under Rules 401-402 and 403.

  Mr. Chen has repeatedly told the government that he did not think that the alleged Exploit was illegal or even wrongful at the time it occurred. *See, e.g.*, 3501-002 at 5 ("he didn't think it was criminal, didn't think it was illegal."); *see also* 3501-010 at 1; 3501-007 at 8; 3501-023 at 8.

  At certain points in the 3500 materials, however, the government indicates that Mr. Chen *now* expresses the view that his assumptions "in hindsight are wrong," and that he would *now* "acknowledge that [the] unblinding aspect of Omakase was misleading and taking advantage of Sandwichers." 3501-002 at 5; *see also id.* at 8 (since the Indictment, Mr. Chen's "thinking about this ha[s] evolved" and he "[a]ppreciates [that] taking advantage of someone else is bad/problematic"); 3501-010 at 1-2 ("[L]ooking back at Omakase … [Mr. Chen recognizes] that the deceptive aspect was wrong" and "understands now that they used Flashbots in a way it wasn't designed to be used"); 3501-023 at 1 ("Today, would not participate in Omakase."); 3501-032 at 1 ("Looking back wouldn't write the same note [to] JA re employment. Would do so for time before Omakase, but not the Omakase project.").

  The Peraire-Buenos object to any testimony by Mr. Chen concerning his present-day state of mind because it is irrelevant to any element of the alleged scheme to defraud or the money laundering conspiracy. The jury must assess the Peraire-Buenos' state of mind as of the time of the alleged offenses. Backward-looking expressions of regret by Mr. Chen—made only *after* the Indictment, through multiple proffers with the government, under threat of criminal prosecution

WILLIAMS & CONNOLLY LLP

October 15, 2025
Page 2

or a cooperation obligation—have no connection to what he knew or understood at the relevant time, let alone what the Peraire-Buenos knew or believed. *Cf. United States v. Cassese*, 290 F. Supp. 2d 443, 454 (S.D.N.Y. 2003), *aff'd*, 428 F.3d 92 (2d Cir. 2005). And such testimony would also be highly unfairly prejudicial and misleading: it would improperly suggest that the Peraire-Buenos should believe, in hindsight, the same thing.

|  |  |
|---|---|
| | Respectfully submitted, |
| By: /s/ William Fick | By: /s/ Katie Trefz |
| Fick & Marx LLP | Williams & Connolly LLP |
| *Counsel for Defendant* | *Counsel for Defendant* |
| *Anton Peraire-Bueno* | *James Peraire-Bueno* |

cc: Counsel of Record via ECF