LAW OFFICES
WILLIAMS & CONNOLLY LLP®

PATRICK J. LOOBY
(202) 434-5150
plooby@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 28, 2025

Via ECF
The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

>  Re: *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) – Defendants'
>  Letter Motion to Quash Subpoenas

Dear Judge Clarke:

Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully move to quash trial subpoenas issued to each of them by the government on October 26, 2025. Exs. A-B (subpoenas). As with the other Rule 17(c) subpoenas that the government has recently served on the Peraire-Buenos' companies and potential expert witnesses, the defense will endeavor to meet and confer with the government regarding a negotiated resolution. But considering that the government may rest its case-in-chief as soon as tomorrow, and given the impropriety of these subpoenas generally, the Peraire-Buenos respectfully submit this motion to preserve their rights.

I.   **Background**

On Sunday, October 26, 2025, at 4:51 p.m., the government emailed trial subpoenas to the Peraire-Buenos requesting that they produce "any" and "all" documents within seventeen broad categories, if and when either defendant decides to testify in his own defense. Exs. A-B. Those categories include, for example, *all communications* on any messaging platform with Jad Elmourad or Travis Chen, apparently on any topic and at any point in time; *all communications* with Jaume and/or each other concerning the Peraire-Buenos' companies in any way and at any point in time; *all communications* with Robert Miller without limitation; *all communications* with various banking institutions, cryptocurrency exchanges, blockchain analytics companies, and other firms; and *all communications and documents* "reflecting purported tax benefits associated with any financial transaction" involving the proceeds of Omakase, among other voluminous records.

Despite the substantial materials the subpoena purports to seek (and the approaching conclusion of the government's case-in-chief), it included a return date of Tuesday, October 28 at 9:00 a.m.—*i.e.*, less than 48 hours after issuance. Taken at face value, the subpoenas function as an eleventh-hour bid for further discovery (of records that either do not exist, that are plainly

WILLIAMS & CONNOLLY LLP

October 28, 2025
Page 2

irrelevant for any purpose, or that are already in the government's possession) in violation of Rule 17(c) and *United States v. Nixon*. But the timing and overbreadth of the subpoenas suggests that they are not genuine requests but primarily an attempt to harass and intimidate the Peraire-Buenos into forgoing their constitutional right to testify in their own defense if they so choose. For these reasons, and as elaborated herein, the Court should quash the subpoenas in their entirety.

## II.      Legal Standard

Federal Rule of Criminal Procedure 17(c) authorizes the issuance of subpoenas for the production of documents. The rule "does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material." *United States v. Carroll*, 2019 WL 6647871, at *1 (S.D.N.Y. Nov. 8, 2019). The court, however, may quash a subpoena that "unreasonable or oppressive." *See* Fed. R. Crim. P. 17(c)(2); *United States v. Nixon*, 418 U.S. 683, 700 (1974). The requesting party has the burden of establishing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

Although the law is unsettled, courts often apply the same framework when evaluating subpoenas seeking pre-trial or mid-trial return of documents. *See United States v. Percoco*, 2018 WL 9539131, at *2 (S.D.N.Y. June 14, 2018) (collecting cases); *see also United States v. Peavler*, 2017 WL 1018304, at *2 (E.D. Ky. Mar. 10, 2017) ("The same general standard [for pre-trial Rule 17 subpoenas] applies to subpoenaed production of documents at the time of trial.").

## III.     The Subpoenas Do Not Comply with Rule 17(c)

The Court should quash the subpoenas because they do not comply with Rule 17(c) or the *Nixon* standard.

### A.      The subpoenas are an improper fishing expedition

The subpoenas were not issued in good faith. *See Nixon*, 418 U.S. at 699. Instead, their contents and the circumstances under which they were issued bear the indicia of an impermissible fishing expedition. To start, the subpoena demands "any" or "all" documents and communications in over a dozen categories. Courts have consistently taken such language to indicate a lack of the specificity required under Rule 17. *See, e.g.*, *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*."); *United States v. Barnes*, 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008) (quashing subpoena that "blindly seeks 'all' documents and recordings that fall into several categories . . . rather than identifiable pieces of evidence").

WILLIAMS & CONNOLLY LLP®

October 28, 2025
Page 3

There is no indication that the government knows or has any reason to believe many of the categories of documents—beyond those it has already obtained through its investigation of this case and the Peraire-Buenos' previous productions pursuant to Rule 16—even exist or would be useful in rebutting the defense case. *Nixon* does not permit the use of Rule 17 subpoenas for such exploratory purposes; the rule permits production of only specific, ascertained documents whose contents are already known at least to some degree by the requesting party. *See United States v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993) ("The fact that the government does not know who paid Crosland's attorney's fees, and is seeking to determine this information by means of a subpoena, points persuasively to the conclusion that this trial subpoena is an impermissible 'fishing expedition,' not a proper request for production of specifically identified documents."); *United States v. Leaver*, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes something useful will turn up, the requirement of specificity will not have been met."); *United States v. Kwok*, 2024 WL 1715235, at *2 (S.D.N.Y. Apr. 22, 2024) (similar).

The timing and obvious overbreadth of the requests betrays that the government is engaged in an impermissible fishing expedition. Take just the first request: "All text messages, Signal messages, WhatsApp, Discord, and Telegram messages as well as messages sent through any other application (or screenshots of such messages) with Jad Elmourad and/or Travis Chen." Exs. A-B. This request is not limited by time, subject matter, or in any other way. This pattern of egregious overreach repeats down the government's laundry-list of requests. Request two incredibly seeks all communications ever sent amongst the Peraire-Buenos and their father concerning their cryptocurrency business in any way. *See id.*

Some requests seek documents that the government knows do not exist, including because any responsive documents would be in the government's possession like "[a]ny communications with U.S. law enforcement concerning 'threats' purportedly received by you from the Omakase block sandwich traders following the events of April 2, 2023." There is no apparent good faith basis to make this request other than to preview a line of potential cross-examination through a subpoena. Other requests seek plainly irrelevant documents, such as the Peraire-Buenos' academic transcripts from the Massachusetts Institute of Technology. Again, this is transparently not a good-faith request for documents that would satisfy *Nixon*. This misuse of subpoenas to intimidate defendants in a criminal case is unbecoming of the United States government.

### B. The subpoenas are an end-run around Rule 16

The entire exercise of issuing a Rule 17 subpoena on a defendant in a criminal case is improper. Rule 16 defines the scope of discovery in a criminal case. With respect to documents, Rule 16(b) provides only that a defendant must, upon request, permit the government to inspect documents that are within the defendant's "possession, custody, or control" and that he "intends to use … [in his] case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). The Supreme Court has long established that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).

WILLIAMS & CONNOLLY LLP

October 28, 2025
Page 4

The Peraire-Buenos have complied with Rule 16's disclosure requirements through multiple document productions during this case. The government is not entitled to production under Rule 16 of documents that the Peraire-Buenos do not intend to use in the defense case, and it cannot simply circumvent that limitation via a subpoena. *See, e.g., United States v. Menendez*, 2024 WL 2801960, at *2 (S.D.N.Y. May 31, 2024) ("To the extent any of these materials are not otherwise discoverable under Rule 16, they are not appropriate subjects for a Rule 17 subpoena."); *United States v. Arias*, 373 F. Supp. 2d 311, 313 (S.D.N.Y. 2005) ("[T]o the extent that [such documents] came from the Government and are not discoverable by [defendant] under Rule 16, [he] may not subpoena a co-defendant or related party to make an end-run around the discovery limitations of Rule 16.").

### C. The government has not exercised due diligence

Finally, as a practical matter, the time it would take to locate, produce, and review all documents potentially responsive to the subpoena would require a lengthy adjournment of the trial. The government cannot claim to have only discovered a need for these records towards the tail end of its case-in-chief. It could have sought them at any point during the year-and-a-half long pendency of this prosecution. That alone is sufficient reason to quash the subpoenas. *See, e.g., United States v. Jasper*, 2003 WL 1107526, at *3 (S.D.N.Y. Mar. 13, 2003) (granting motion to quash in part because "[w]hile it is not at all likely that the broad request for these documents would have been proper during the discovery period, this is certainly a request which could have been made sometime earlier in the more than two years that this case has been pending").

\*   \*   \*

For the foregoing reasons, the Court should quash both subpoenas.

Respectfully submitted,

By: */s/ William Fick*
Fick & Marx LLP
*Counsel for Defendant*
*Anton Peraire-Bueno*

By: */s/ Patrick J. Looby*
Williams & Connolly LLP
*Counsel for Defendant*
*James Peraire-Bueno*

cc: Counsel of Record via ECF